[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-16282

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-14028-CR-KMM

UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

versus

EDGAR JOE SEARCY,

                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 28, 2005)**

Before DUBINA and WILSON, Circuit Judges, and LAWSON*, District Judge.

WILSON, Circuit Judge:

    Edgar Joe Searcy appeals his conviction and sentence for using

_____

    *Honorable Hugh Lawson, United States District Judge for the Middle District of
Georgia, sitting by designation.

a facility and means of interstate commerce, the internet service provider America Online ("AOL"), to knowingly persuade, induce, entice or coerce a minor to engage in unlawful sexual activity, and attempting to do so, in violation of 18 U.S.C. § 2422(b). At issue on appeal is whether the district court erred in concluding that a violation of 18 U.S.C. § 2422(b) is a crime of violence for the purpose of classifying Searcy as a career offender under U.S.S.G. § 4B1.1.[1]

## I. BACKGROUND

Posing undercover as the father of a thirteen-year-old girl in an AOL chatroom, a law enforcement officer received an instant message from Searcy using the screen name "OBBESSEDDAD11." During this exchange, Searcy informed the detective that he was a member of a father-daughter swap club. Searcy and the detective communicated next via telephone and Searcy reiterated that he was a member of a father-daughter swap club and asked to set up a face-to-face meeting with the detective. At the face-to-face meeting, Searcy asked the detective if he and his daughter would accompany Searcy on a trip. Searcy said that he wanted to have sex with the detective's daughter and would arrange for the

---

[1]Searcy also raised the following issues on appeal: (1) his conduct as charged in the indictment did not violate 18 U.S.C. § 2422(b); (2) the district court erred in upwardly departing under U.S.S.G. § 4A1.3; and (3) his sentence is unconstitutional in light of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), now *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005). We find these claims to be without merit and not warranting further discussion.

detective to have sex with his children. Searcy was then arrested.

After the government notified Searcy of its intent to introduce evidence of two of Searcy's prior state convictions, Searcy agreed to plead guilty. At the first change-of-plea hearing, Searcy contested the government's factual proffer, and the district court scheduled Searcy's case for trial. At a subsequent change-of-plea hearing, Searcy did not dispute the government's factual proffer, and the district court accepted his guilty plea made pursuant to a plea agreement. At his sentencing hearing, the court heard testimony that when Searcy was arrested the investigators found pictures on his computer, and in his email account, of minor females in sexual positions. Also found were two floppy discs with over thirty images of child pornography.

In the pre-sentence investigation report ("PSR"), the probation officer assigned Searcy a base offense level of 21 under U.S.S.G. § 2G1.1(c)(3)[2] cross-referenced to U.S.S.G. § 2A3.2(a)(2) plus a two-level increase pursuant to U.S.S.G. § 2A3.2(b)(3) for use of a computer for an adjusted base offense level of 23. The probation officer then recommended that Searcy be classified as a career offender under U.S.S.G. § 4B1.1(a) because he had two prior convictions for crimes of violence – his 1988 Florida conviction for sexual activity with a child

---

[2]All Guidelines citations are to the 2002 edition of the Sentencing Guidelines Manual.

3

and lewd, lascivious or indecent assault upon a child, and his 1997 Kansas conviction for sexual exploitation of a child. This career offender enhancement increased Searcy's adjusted base offense level to a 29, but the probation officer recommended a three-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, resulting in a total adjusted offense level of 26.

Because Searcy committed the instant offense within two years of his release from custody for a 1997 Kansas conviction, his criminal history category was IV, but his career offender status bumped that category to VI. With an adjusted base offense level of 26 and a criminal history category of VI, Searcy's guideline range was 120 to 150 months of imprisonment. The district court then upwardly departed pursuant to U.S.S.G. § 4A1.3 due to the similarity of the prior convictions to the instant offense and Searcy's recidivist tendencies, and sentenced him to the statutory maximum of 180 months.

The issue decided today, whether a violation of § 2422(b) should be classified as a crime of violence for the purpose of career offender classification, is an issue of first impression in this Circuit.

## II.   STANDARD OF REVIEW

The interpretation of a statute is a question of law subject to *de novo* review. *United States v. Murrell*, 368 F.3d 1283, 1285 (11th Cir. 2004), *cert. denied*, 125

S. Ct. 439 (2004).

### III.    DISCUSSION

A defendant qualifies as a "career offender" under the Guidelines if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."   U.S.S.G. § 4B1.1.  Searcy argues that the court improperly determined that he was a career offender under U.S.S.G. § 4B1.1 because his instant offense is not a crime of violence.

The Guidelines define a "crime of violence" as: "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) . . . otherwise involves conduct that presents a serious *potential* risk of physical injury to another."  U.S.S.G. § 4B1.2 (emphasis added).  As the first application note to U.S.S.G. § 4B1.2 explains, "'[c]rime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and

5

burglary of a dwelling." U.S.S.G. § 4B1.2, cmt. n.1.[3] That application note further explains that: "[o]ther offenses are included as 'crimes of violence' if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) **the conduct set forth (*i.e.* expressly charged) in the count of which the defendant was convicted . . ., by its nature, presented a serious potential risk of physical injury to another**." U.S.S.G. § 4B1.2, cmt. n.1 (emphasis added). The second application note instructs that when deciding whether an offense is a crime of violence, "the offense of conviction (*i.e.*, the conduct of which the defendant was convicted) is the focus of the inquiry." U.S.S.G. § 4B1.2, cmt. n.2.

> At the time of the offense, § 2422(b) provided:
>
> Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.

18 U.S.C. § 2422(b) (1998). Searcy claims that because § 2422(b) does not include an element of force or violence, his non-physical offense was not a crime of violence. Searcy further posits that the least culpable conduct necessary to

---

[3]We treat the commentary in the Sentencing Guidelines Manual as authoritative. *See United States v. Spell*, 44 F.3d 936, 938 (11th Cir. 1995).

constitute all of the essential elements of a § 2422(b) violation does not require any behavior that would, by its nature, pose a serious risk of physical injury to another individual. Rather, he asserts that the underlying criminal conduct is the persuasion, inducement or enticement and not the physical sexual act itself. The government responds that the court correctly applied the career offender guideline and properly concluded that § 2422(b), by its nature, constitutes a crime of violence based on the inherent potential risk of physical injury to the minor.

As stated above, under U.S.S.G. § 4B1.2, there are two approaches for classifying an offense as a crime of violence. The first approach is to determine whether the use, attempted use or threatened use of physical force against another is an element of § 2422(b). *See* U.S.S.G. § 4B1.2(a)(1). Because the act of persuasion, inducement, coercion or enticement need not involve physical force, § 2422(b) does not have, as an element, the use, attempted use, or threatened use of physical force against another. Alternatively, under the second approach, we must determine whether § 2422(b) involves conduct that, by its nature, presents a serious potential risk of physical injury to another. *See* U.S.S.G. § 4B1.2(a)(2). By applying this second approach, the district court concluded that § 2422(b) qualifies as a crime of violence for the purpose of classifying Searcy as a career offender.

7

In concluding that § 2422(b) is a crime of violence, the court relied upon Sixth and Tenth Circuit decisions addressing similar statutes. In an unpublished opinion, the Sixth Circuit determined that a violation of § 2422(a), which criminalizes the use of a computer to entice a minor to travel interstate to engage in unlawful sex, qualified as a crime of violence for career offender purposes. *See United States v. Smith*, 2001 WL 1176422, *5 (6th Cir. Sept. 25, 2001), *cert. denied*, 535 U.S. 1070 (2002). In that case, the Sixth Circuit broadly stated that "any felony involving the sexual exploitation of a juvenile inherently poses a serious potential risk of physical injury to the victim and hence constitutes a categorical 'crime of violence.'" *Id.* In the instant case, the district court cited the similarity in the two sub-sections and relied on *Smith*'s broad categorical approach that sexual offenses against minors inherently pose a risk of physical injury to the minor victims.

The Sixth Circuit has also held that § 2251(a), another statute sufficiently similar to § 2422(b), is a crime of violence. *See United States v. Champion*, 248 F.3d 502, 505 (6th Cir. 2001). Under § 2251(a), it is a crime to entice a minor to engage in any sexually explicit conduct for the purposes of producing a visual depiction. *See* 18 U.S.C. § 2251(a). Under § 2422(b), it is a crime to use a facility of interstate commerce to entice a minor to engage in any sexual activity for which

8

a person could be charged with a crime.  *See* 18 U.S.C. § 2422(b).  Both statutes aim to criminalize the enticement of a minor to engage in sexual activity.  Thus, the Sixth Circuit's reasoning with respect to its interpretation of § 2251(a) is also relevant to our interpretation of § 2422(b).

The Tenth Circuit has held that it was not plain error for the district court to conclude that § 2422(b) is a crime of violence for the purpose of victim restitution under 18 U.S.C. § 16.  *See United States v. Johnson*, 183 F.3d 1175, 1179 (10th Cir. 1999).  Notably, we have held that a crime of violence determination for the purposes of 18 U.S.C. § 16 is indistinguishable from a determination made pursuant to U.S.S.G. § 4B1.1.  *See United States v. Rutherford*, 175 F.3d  899, 905 (11th Cir. 1999).  Moreover, earlier this year, the Tenth Circuit also concluded that § 2422(b) is a crime of violence for the purpose of a violation of 18 U.S.C. § 924(c), which criminalizes the use of a firearm during the commission of any crime of violence or drug trafficking crime.  *See United States v. Munro*, 394 F.3d 865, 871 (10th Cir. 2005).  Like the Sixth Circuit in *Smith*, the Tenth Circuit in *Munro* broadly stated: "In cases involving sex crimes against minors, we have found that there is always a substantial risk that physical force will be used to ensure a child's compliance with an adult's sexual demands."  *Munro*, 394 F.3d at 870 (internal quotation marks and citation omitted).  The Tenth Circuit further provided that

9

"physical injury need not be [certain] for a crime to pose a serious risk of physical injury," and concluded that "the risk involved in attempted sexual abuse of a minor is significant enough to render [a violation of § 2422(b)] a crime of violence." *Id.* at 870-71 (internal quotation marks and citation omitted). While we are not bound by the decisions of our sister circuits who have previously considered similar issues, we do find the reasoning of the Sixth and Tenth Circuits to be persuasive.

Moreover, our consideration of the specific language that the United States Sentencing Commission chose to define a "crime of violence" in U.S.S.G. § 4B1.2, which was approved by Congress, convinces us that Congress intended that § 2422(b) constitute a "crime of violence" for career offender purposes. Plainly, the use of an Internet facility to entice a minor to engage in sexual activity presents the possibility of an encounter that could result in "a serious risk of physical injury to [the minor]." U.S.S.G. § 4B1.2.

Although it is unnecessary to look at the legislative history to reach this conclusion, we note that it also supports the categorization of § 2422(b) as a crime of violence for career offender purposes. Originally, § 2422(b) was added to 18 U.S.C. § 2422 as part of the Telecommunications Act of 1996. *See* Pub. L. No. 104-104, § 508, 110 Stat. 56 (1996). Specifically, this particular sub-section was included in Title V of the Telecommunications Act, which is the section titled

10

"Obscenity and Violence," after the Senate Judiciary Committee held a hearing regarding child endangerment via the internet. *See* H.R. CONF. REP. No. 104-458, at 193 (1996).

Less than two years later, the "Child Protection and Sexual Predator Punishment Act of 1998," which was later renamed the "Protection of Children from Sexual Predators Act of 1998," was introduced to amend Title 18 of the United States Code "with respect to violent sex crimes against children [and] for other purposes." H.R. REP. No. 105-557, at 1 (1998), *reprinted in* 1998 U.S.C.C.A.N. 678. Among the amendments to Title 18 was the amendment of § 2422(b) to increase the maximum prison sentence from ten to fifteen years. Such amendments were necessary in light of the increasing number of cases in which children enticed via the internet had been kidnapped, photographed for child pornography, raped, and beaten. H.R. REP. No. 105-557, at 12, *reprinted in* 1998 U.S.C.C.A.N. 678, 680. Thus, "[t]he goal of [the 'Protection of Children from Sexual Predators Act of 1998' was] to provide stronger protections for children from those who would prey upon them." 144 CONG. REC. S12,257, S12,263 (daily ed. Oct. 9, 1998) (statement of Sen. Leahy).[4]

---

[4]Two weeks after Searcy committed the instant offense, Congress again amended § 2422(b) to include a minimum mandatory prison sentence of five years and to increase the maximum prison sentence from fifteen years to thirty years. *See* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21,

## IV. CONCLUSION

After careful consideration of the wording of § 2422(b) and U.S.S.G. §§ 4B1.1 and 4B1.2, and having considered the jurisprudence of our sister circuits as well as the legislative history of § 2422(b), we agree with the district court's conclusion that § 2422(b) constitutes a crime of violence for career offender classification purposes. Although it is not one of the listed offenses, persuasion, inducement, enticement or coercion of a minor to engage in unlawful sexual activity carries an inherent risk of physical injury to the minor. Accordingly, we affirm the district court's classification of Searcy as a career offender pursuant to U.S.S.G. § 4B1.1.

**AFFIRMED.**

---

§§ 103(a)(2)(B), (b)(2)(A)(i) & (b)(2)(A)(ii), 117 Stat. 650, 652-53 (2003) (amending 18 U.S.C. § 2422(b)).