[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14116
Non-Argument Calendar

_____

D. C. Docket No. 06-00349-CR-J-33-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN SPENCER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 1, 2008)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Kevin Spencer appeals his sentence of 151 months imprisonment

for the distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Spencer argues that the district court erred in determining that his prior conviction for felony child abuse was a crime of violence under U.S.S.G. § 4B1.2(a) and that he thus qualified as a career offender under U.S.S.G. § 4B1.1(a). Spencer argues that the district court should not have relied on the predicate offense description from the PSI, but rather could only rely on the state's factual proffer of the offense from the sentencing transcript, which did not clearly indicate the use of physical force or infliction of physical injury, as required by § 4B1.2(a).

We review a district court's interpretation and application of the Sentencing Guidelines *de novo*. *United States v. Chavarriya-Mejia*, 367 F.3d 1249, 1251 (11th Cir. 2004). The interpretation of Florida's statute for felony child abuse is a question of law and is also subject to *de novo* review. *United States v. Murrell*, 368 F.3d 1283, 1285 (11th Cir. 2004).

Pursuant to U.S.S.G. § 4B1.1, a defendant qualifies as a "career offender" if he was at least 18 years of age at the time of the commission of the instant offense, the instant offense is a crime of violence or a controlled substance offense, and he has at least two prior felony convictions for crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a). A "crime of violence" is defined as any offense under federal or state law, punishable by imprisonment for a term

2

exceeding one year, that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). An application note in the commentary to § 4B1.2 clarifies that an offense is a crime of violence if "the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted . . . , by its nature, presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2 comment. (n.1). The application notes also provide that the "offense of conviction (*i.e.*, the conduct of which the defendant was convicted) is the focus of inquiry" for determining whether an offense is a crime of violence. *Id.* comment. (n.2). "We treat the commentary in the sentencing guidelines as authoritative." *United States v. Ivory*, 475 F.3d 1232, 1234 n.2 (11th Cir. 2007).

We have interpreted § 4B1.2(a) as providing two alternative approaches for classifying an offense as a crime of violence. *United States v. Searcy*, 418 F.3d 1193, 1196 (11th Cir. 2005). "The first approach is to determine whether the use, attempted use or threatened use of physical force against another is an element of [the offense]." *Id.* The second approach is to determine "whether [the offense]

3

involves conduct that, by its nature, presents a serious potential risk of physical injury to another." *Id.*

In determining whether an offense is a crime of violence, a district court can look to the conduct and circumstances underlying the conviction only if "ambiguities in the judgment make the crime of violence determination impossible from the face of the judgment itself." *United States v. Spell*, 44 F.3d 936, 939 (11th Cir. 1995). In such a case, the district court "may rely only on the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *United States v. Aguilar-Ortiz*, 450 F.3d 1271, 1274 (11th Cir. 2006) (quoting *Shepard v. United States*, 544 U.S. 13, 15, 125 S. Ct. 1254, 1257 (2005)). For purposes of sentencing, the district court may also base its factual findings on undisputed statements in the PSI. *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006). Facts contained in a PSI are considered undisputed unless the defendant makes a challenge to those facts "with specificity and clarity." *Id.* at 832-33 (noting that an objection to the probation officer's use of non-*Shepard* materials in preparation of the PSI did not amount to a dispute of the facts).

We have noted that, under § 4B1.2(a)(2), the definition of "conduct that presents a serious potential risk of physical injury to another" is broadly interpreted

4

"to include crimes that do not fit neatly into a category of hostile, aggressive acts." *United States v. McGill*, 450 F.3d 1276, 1280 (11th Cir. 2006). We have also noted that "the specific language of § 4B1.2(a)(2) concerns the potential *risk* of physical injury rather than the actual *use* of force against another." *Id.* at 1281. We have emphasized that sexual offenses against minors "always present a substantial risk that physical force will be used to ensure a child's compliance with an adult's sexual demands." *Ivory*, 475 F.3d at 1238 (holding that statutory rape, a "nonconsensual act of sexual penetration," inherently involves some physical force and is a crime of violence) (internal quotations and citations omitted). Using this reasoning, we have held that § 4B1.2(a)(2)'s definition of a crime of violence includes lewd assault on a minor, *United States v. Rutherford*, 175 F.3d 899, 905 (11th Cir. 1999), and persuading, inducing, enticing, or coercing a minor to engage in unlawful sexual activity, *Searcy*, 418 F.3d at 1197 (noting that the offense "presents the possibility of an encounter that could result" in serious risk of physical injury and that "physical injury need not be [certain] for a crime to pose a serious risk of physical injury") (citation omitted).

Under Florida law, the elements of the crime of felony child abuse are

(a) Intentional infliction of physical or mental injury upon a child;

(b) An intentional act that could reasonably be expected to result in physical or mental injury to a child; or

5

(c)    Active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child.

Fla. Stat. § 827.03(1). The Florida statute further provides that "[a] person who knowingly or willfully abuses a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the third degree." *Id.*

Because we conclude that Spencer's predicate conviction for felony child abuse involved a serious potential risk of physical injury to another, we agree with the district court's classification of that predicate offense as a crime of violence under § 4B1.2(a) and the application of the career offender enhancement to Spencer under § 4B1.1(a). Accordingly, we affirm Spencer's sentence.

**AFFIRMED.**

6