[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10516
Non-Argument Calendar

_____

D. C. Docket No. 07-00108-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY R. PRUETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 11, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Bobby Pruett appeals his sentence of imprisonment for seven months

following his plea of guilt to theft of mail by a postal employee, 18 U.S.C. § 1709, and illegally opening and destroying of mail by a postal employee, id. § 1703(a). Pruett argues that the district court erred by denying him as untimely a two-level adjustment for acceptance of responsibility because he entered his plea a few hours before trial. United States Sentencing Guidelines § 3E1.1(a) (Nov. 1992). We affirm.

We review factual findings concerning a reduction for acceptance of responsibility for clear error. United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005). The defendant bears the burden of establishing entitlement to the reduction, and the sentencing judge is entitled to great deference on review. Id. at 756–57. An error in sentencing may be harmless if the district court would have entered the same sentence without the error. United States v. Scott, 441 F.3d 1322, 1329 (11th Cir. 2006).

Under section 3E1.1(a), a defendant who proves acceptance of responsibility is entitled to a two-level decrease in his offense level. In determining whether the defendant has accepted responsibility, the commentary states that the court should consider eight factors, including "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." U.S.S.G. § 3E1.1, cmt. n.1(h). Subsection (b) provides for a further one-level decrease if (1) the defendant

2

qualifies under subsection (a); (2) the defendant's offense level is at level 16 or greater; and (3) the government files a "motion . . . stating that the defendant [had timely notified] authorities of his intention to enter a plea of guilty thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently . . ." Id. § 3E1.1(b). The commentary to section 3E1.1 explains, "Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing." Id. § 3E1.1 cmt. n.6. In addition, "timeliness of [a] defendant's acceptance of responsibility is a consideration under" both subsections (a) and (b), and it is "context specific." Id. We treat the commentary in the Sentencing Guidelines Manual as authoritative. United States v. Searcy, 418 F.3d 1193, 1195 n.3 (11th Cir. 2005).

The district court did not clearly err in finding that Pruett's plea was not timely. Pruett entered his plea of guilt only a few hours before trial. Alternatively, Pruett concedes, in his reply brief, that the district court would have entered the same sentence, absent any miscalculation, so any error was harmless. We affirm Pruett's sentence.

**AFFIRMED.**

3