[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 13, 2011
JOHN LEY
CLERK

No. 09-16480
Non-Argument Calendar

_____

D. C. Docket No. 07-00131-CR-01-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONESSIMUS M. GOVEREH,
a.k.a. Tony Govereh,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 13, 2011)

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Onessimus Govereh, proceeding pro se, appeals his convictions and 100-month total sentence of imprisonment for submitting fraudulent income tax returns, in violation of 18 U.S.C. § 287. On appeal, Govereh argues that: (1) 18 U.S.C. § 287 does not apply to claims made under the Internal Revenue Code ("IRC"); (2) the evidence at trial was insufficient for a reasonable jury to convict him of violating 18 U.S.C. § 287; (3) the government's misconduct and improper statements undermined the fairness and integrity of his trial; and (4) in imposing a substantively unreasonable sentence, the district court miscalculated the loss amount, erroneously imposed obstruction-of-justice and role enhancements, and erroneously ordered him to pay restitution. After careful review, we affirm.

1.

First, we reject Govereh's argument that 18 U.S.C. § 287 does not apply to claims made under the IRC. We review questions of statutory interpretation de novo. United States v. Searcy, 418 F.3d 1193, 1195 (11th Cir. 2005).

The criminal False Claims Act provides that "[w]hoever makes or presents . . . any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title." 18 U.S.C. § 287. In the civil context, 31 U.S.C. § 3729

2

provides a civil penalty and treble damages against any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment." 31 U.S.C. § 3729(a)(1)(A). Section 3729 "does not apply to claims, records, or statements made under the Internal Revenue Code of 1986." 31 U.S.C. § 3729(d).

The Supreme Court has determined that the term "claim" in § 287 should not be given a narrow reading. United States v. Neifert-White Co., 390 U.S. 228, 233 (1968). "This remedial statute reaches . . . to all fraudulent attempts to cause the government to pay out sums of money." Id.

Here, Govereh's arguments ignore the Supreme Court's mandate that 18 U.S.C. § 287 be given a broad interpretation. The plain language of § 287 encompasses fraudulent tax returns by criminalizing any fraudulent claim made against the United States. Similarly, Govereh's focus on the improperly verified tax returns is misplaced. The record clearly indicates that the tax returns were filed in an effort to cause the IRS to pay refunds, which satisfies the requirements of § 287. Further, Govereh has cited no authority demonstrating that Congress intended to preempt 18 U.S.C. § 287 either through the Internal Revenue Code or 31 U.S.C. 3729(d), or that § 287 should not be construed to encompass fraudulent tax returns, and has cited no cases from this Circuit supporting his proposition that tax violations cannot be prosecuted under § 287. His arguments therefore fail.

3

2.

Next, we are unpersuaded by Govereh's claim that the evidence at trial was insufficient for a reasonable jury to convict him of violating 18 U.S.C. § 287. "Sufficiency of the evidence is a question of law that we review de novo." United States v. Gupta, 463 F.3d 1182, 1193 (11th Cir. 2006). In reviewing the sufficiency of the evidence, we consider "the evidence in the light most favorable to the government." United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005) (citation omitted). We also make all reasonable inferences and credibility choices in favor of the government and the jury's verdict. Id. We must affirm "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt." Id. "The evidence need not exclude every hypothesis of innocence or be completely inconsistent with every conclusion other than guilt because a jury may select among constructions of the evidence." United States v. Bailey, 123 F.3d 1381, 1391 (11th Cir. 1997).

As the record shows, the government presented extensive documentary and testimonial evidence showing that: (1) Govereh is listed as the tax preparer on the 14 tax returns which the jury found him guilty of fraudulently submitting to the government; (2) eight witnesses testified that they met Govereh at Icon Tax Service, discussed their tax returns with him, and generally understood that

4

Govereh was going to be filing their returns; and (3) Kenndric Roberts testified that Govereh employed him to refer taxpayers to Icon, and that Govereh was the one person who was authorized to file tax returns at Icon. Moreover, when a defendant testifies, as Govereh did here, the jury is "permitted to reject" that testimony and can consider such evidence as substantive evidence of guilt. United States v. Jiminez, 564 F.3d 1280, 1285 (11th Cir. 2009) (citations omitted). Under these circumstances, a reasonable jury could have found Govereh guilty of submitting fraudulent tax returns to the United States. Moreover, Govereh ignores that the fraudulent returns, regardless of whether they were properly verified, were filed in an attempt to cause the government to pay out money. Therefore, there was sufficient evidence for a reasonable jury to find Govereh guilty of violating § 287 as charged.

3.

We also reject Govereh's claim that the government's misconduct and improper statements undermined the fairness and integrity of his trial. We "review a district court's evidentiary rulings for abuse of discretion." United States v. Baker, 432 F.3d 1189, 1202 (11th Cir. 2005). Where a defendant does not contemporaneously object to an issue before the district court -- which Govereh failed to do for the government's rebuttal comments and other alleged "lies" he

5

now complains of -- we review for plain error. United States v. Bernal-Benitez, 594 F.3d 1303, 1316 (11th Cir.), cert. denied, 130 S.Ct. 2123 (2010). Under plain error review, the error must be plain, must affect the defendant's substantial rights, and must "'seriously affect[] the fairness, integrity or public reputation of judicial proceedings.'" Id. at 1312 n.6.

To constitute prosecutorial misconduct, a prosecutor's remarks must be improper and must prejudicially affect the substantial rights of the defendant. United States v. Eckhardt, 466 F.3d 938, 947 (11th Cir. 2006). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different. When the record contains sufficient independent evidence of guilt, any error is harmless." Id. (citation omitted).

Evidence of prior "crimes, wrongs, or acts," cannot be admitted for the purpose of proving action in conformity therewith, see Fed.R.Evid. 404(b), though such evidence can be admitted for other purposes. Id. In certain situations, evidence of prior bad acts is considered intrinsic to the charged crime and not governed by Rule 404(b). Evidence of acts other than the offense charged is considered intrinsic if it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to

complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." United States v. Veltmann, 6 F.3d 1483, 1498 (11th Cir. 1993) (citations omitted). Evidence will fall under one of those three categories if it tends to explain the context, motive, and set-up of the crime. See United States v. Williford, 764 F.2d 1493, 1499 (11th Cir. 1985) (citation omitted). Generally, the evidence must be "linked in time and circumstances with the charged crime, or form[ ] an integral and natural part of an account of the crime, or [be] necessary to complete the story of the crime for the jury." Id.

Credibility determinations are for the jury, and we typically will not review such determinations. United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). Where the appellant argues that the jury based its conviction on inconsistent testimony or incredible government witnesses, he must show the testimony was "incredible as a matter of law." United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997). For testimony to be "incredible as a matter of law," it must be unbelievable on its face, i.e., "testimony as to facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." Id. (quotations and alteration omitted).

As for the government's references to excessive tax preparation fees, the district court did not abuse its discretion in allowing this testimony. The evidence

about the fees met all three of the Veltmann requirements. The fees arose out of Govereh's charged offenses -- the fraudulent tax returns. The fees were also inextricably intertwined with the charged offenses, because they showed the jury how Govereh was able to profit from the scheme. Moreover, the court twice instructed the jury that Govereh was not on trial for charging excessive fees, and that the jury should not draw any inferences based on Govereh's preparation fees.

As for Govereh's claim that the government's rebuttal comments about his personal lifestyle were "irrelevant, prejudicial, and . . . specifically directed to inflame" the eleven female jurors, the district court did not plainly err in denying the motion for new trial on this ground. Taken in context, the government's comments were not improper. During cross-examination, the government asked Govereh about the identities of women with whom Govereh had been photographed. During rebuttal, the government briefly commented on the lifestyle that Govereh's criminal activity afforded him. But even if improper, these comments represented a small part of the extensive case presented by the government. As discussed above, the record in this case contains sufficient evidence that Govereh submitted false claims against the United States, in violation of 18 U.S.C. § 287. Thus, in the face of this independent evidence of guilt, "any error is harmless." See Eckhardt, 466 F.3d at 947.

As for Govereh's claim that the government "suborned to perjury" when IRS Agent Wesley Cooper falsely testified that Govereh attempted to flee arrest on February 15, 2007, we are unpersuaded. At trial, Agent Cooper testified to the events surrounding Govereh's arrest, which the jury was free to credit. And while Govereh now cites to a memorandum that is said to contradict Agent Cooper's testimony, the record demonstrates that during cross-examination, Govereh never questioned Agent Cooper about the memorandum. As a result, Govereh cannot rely on alleged evidence outside the record to support his contention.

As for Govereh's claim that the government told some "outright lies" at trial, rendering his trial unfair and "contribut[ing] to a miscarriage of justice," the district court did not plainly err. Even if all the statements were improper, the cumulative effects of those statements did not render Govereh's trial unfair. In fact, each statement represented a small part of a case that, as discussed above, involved extensive documentary and testimonial evidence. Therefore, in light of the substantial evidence of Govereh's guilt, the district did not err, much less plainly err, when it refused to grant Govereh a new trial.

4.

Finally, we find no merit in Govereh's challenges to his sentence. "A district court's determination regarding the amount of loss for sentencing purposes

is reviewed for clear error." United States v. Medina, 485 F.3d 1291, 1303 (11th Cir. 2007) (quotation omitted). Overall, the court needs only to "make a reasonable estimate of the loss." U.S.S.G. § 2B1.1, comment. (n.3(C)). Moreover, the court's loss determination is entitled to deference because "[t]he sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence." Id. We review a district court's factual findings for clear error and the application of an obstruction of justice enhancement based on those facts de novo. United States v. Bradberry, 466 F.3d 1249, 1253 (11th Cir. 2006). We review a sentencing court's determination of a defendant's role in the crime for clear error. United States v. Jennings, 599 F.3d 1241, 1253 (11th Cir. 2010). We also review for clear error factual findings underlying a restitution order. United States v. Valladares, 544 F.3d 1257, 1269 (11th Cir. 2008). We review sentences imposed by the district court for reasonableness using the abuse-of-discretion standard. See United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).

In this case, the district court did not clearly err in calculating a loss amount of $400,000. "[I]n calculating the amount of loss, the Guidelines require a district court to take into account 'not merely the charged conduct, but rather all "relevant conduct," in calculating a defendant's offense level.'" United States v. Foley, 508 F.3d 627, 633 (11th Cir. 2007) (quoting United States v. Hamaker, 455 F.3d 1316,

1336 (11th Cir. 2006)). A court cannot speculate concerning the existence of a fact that permits a more severe sentence under the Guidelines. United States v. Patterson, 595 F.3d 1324, 1327 (11th Cir. 2010).

As the record shows, IRS Agent Tammy Willingham testified that she had calculated across all 107 returns the IRS's exposure due to inflated Telephone Excise Tax Refund ("TETR") credits. The IRS's exposure, based on the inflated TETR credits, was $469,415. Agent Willingham's testimony and calculations indicated that the uncharged returns filed by Govereh also contained inflated TETR credits. Thus, the district court did not clearly err in calculating the loss amount, and Govereh's claim that his loss amount should reflect the jury's verdict is unpersuasive, since we have held that sentencing courts should consider all relevant conduct when determining the attributable loss amount. See Foley, 508 F.3d at 633.

Nor did the district court err in applying a 2-level obstruction of justice enhancement. Section 3C1.1 of the sentencing guidelines provides for a 2-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction," and "the obstructive conduct related to . . . the defendant's offense of conviction and any

relevant conduct." U.S.S.G. § 3C1.1. The enhancement "is not intended to punish a defendant for the exercise of a constitutional right." Id., comment. (n.2). An enhancement is justified if a defendant commits perjury. Id., comment. (n.4(b)).

At Govereh's sentencing, the district court applied the enhancement after finding that Govereh "substantially and repeatedly" perjured himself. The court's findings coincide with the jury's, which found Govereh guilty despite his blanket denials of guilt. Under these circumstances, the court did not err when it applied the obstruction-of-justice enhancement.

We likewise find no clear error in the district court's application of a 3-level enhancement for Govereh's role in the offense. Under U.S.S.G. § 3B1.1, a three-level enhancement may be applied if "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). A participant is a person who is criminally responsible for the commission of the offense, whether or not convicted. Id. comment. (n.1). "The government bears the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the offense." United States v. Yeager, 331 F.3d 1216, 1226 (11th Cir. 2003).

"[T]he sentencing Guidelines require a district court, at the sentencing stage, to make independent findings establishing the factual basis for its Guidelines

12

calculations. . . . The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." Hamaker, 455 F.3d at 1338 (emphasis, citations and quotations omitted).

Here, based on Govereh's supervision of Kenndric Roberts, and the evidence that the other participants acted as runners to bring clients to Icon, the district court did not clearly err when it applied the 3-level role enhancement to Govereh's sentence.

The district court also did not err when it ordered Govereh to pay the IRS restitution. At trial, Agent Willingham testified that the IRS paid out $138,550 on the tax returns filed by Govereh. Therefore, Govereh's argument -- that the IRS did not lose any money, so Govereh should not have to pay it restitution -- is without merit.

Finally, the sentence the district court imposed was substantively reasonable. We review a sentence's substantive reasonableness under the totality of the circumstances, including "the extent of any variance from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). Sentences outside the Guidelines are not presumed to be unreasonable. Id. The district court must evaluate all of the § 3553(a) factors when arriving at a sentence, but is permitted to attach "great

weight" to one factor over others. Id. at 57. Among the § 3553(a) factors are the need to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

While Govereh argues that, if the district court had been aware of Terra Dixon's sentence, it likely would have sentenced him to a lesser term of imprisonment, Govereh has made no showing that he and Dixon were similarly situated defendants. Moreover, Govereh's argument ignores that in large part, the district court sentenced him based on his extensive history of committing fraud crimes. In fashioning Govereh's sentence, the court also emphasized the need to deter others from committing similar crimes and the need to protect the public from Govereh, who the court characterized as a "fraud machine." Under these circumstances, the court did not abuse its discretion when it sentenced Govereh to a total of 100 months' imprisonment.

**AFFIRMED.**