[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13976
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cr-00027-PCF-DAB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOEL ALEXANDER ESCOBAR-PINEDA,
a.k.a. Alan Torres,
a.k.a. Joel Alexander Escobar,
a.k.a. John Doe,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 6, 2011)

Before EDMONDSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Joel Alexander Escobar-Pineda appeals his 46-month sentence for illegal reentry into the United States following deportation for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Escobar-Pineda contends that the district court erred by applying a 16-level enhancement for deportation following conviction for a crime of violence. After review, we affirm.

I.

In 1995 Escobar-Pineda was convicted of the felony offense of aggravated assault with a deadly weapon, in violation of Fla. Stat. § 784.021(1)(a). The district court concluded that conviction qualified as a "crime of violence" under the Sentencing Guidelines and applied a 16-level enhancement. See U.S.S.G. § 2L1.2(b)(1)(A)(ii). Escabar-Pineda argues that was error. "We review de novo whether a defendant's prior conviction qualifies as a 'crime of violence' under the Sentencing Guidelines." United States v. Palomino Garcia, 606 F.3d 1317, 1326 (11th Cir. 2010) (quotation marks omitted).

The Sentencing Guidelines impose a 16-level enhancement if an alien "was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii) (Nov. 2009). A "crime of violence" is defined as any of the following offenses under federal, state, or local law:

murder, manslaughter, kidnapping, <u>aggravated assault</u>, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

Id. § 2L1.2, cmt. n.1(B)(iii) (emphasis added); see also United States v. Searcy, 418 F.3d 1193, 1195 n.3 (11th Cir. 2005) ("We treat the commentary in the Sentencing Guidelines Manual as authoritative."). The definition "is disjunctive and we have held that a felony conviction qualifies as a crime of violence under § 2L1.2 if either (1) the defendant was convicted of one of the enumerated offenses; or (2) the use, attempted use, or threatened use of physical force was an element of the offense." Palomino Garcia, 606 F.3d at 1326.

To determine whether a prior conviction qualifies as an enumerated offense, we use the "categorical approach." Id. at 1330–31 (explaining that "the label a state attaches to an offense is not conclusive of whether a prior conviction qualifies as an enumerated offense under § 2L1.2"). Under that approach, "we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Begay v. United States, 553 U.S. 137, 141,

3

128 S. Ct. 1581, 1584 (2008) (citing Taylor v. United States, 495 U.S. 575, 602, 110 S. Ct. 2143, 2160 (1990)); see also Palomino Garcia, 606 F.3d at 1331. In Palomino Garcia, we held that "the generic offense of 'aggravated assault' under § 2L1.2 of the Guidelines involves a criminal assault accompanied by the aggravating factors of either the intent to cause serious bodily injury to the victim or the use of a deadly weapon." 606 F.3d at 1332.

The Florida statute under which Escobar-Pineda was convicted provides that "[a]n 'aggravated assault' is an assault . . . [w]ith a deadly weapon without intent to kill." Fla. Stat. § 784.021(1)(a). "Assault" is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Id. § 784.011(1). Because Fla. Stat. § 784.021(1)(a) requires the use of a deadly weapon, it "prohibits behavior that is . . . within the generic, contemporary meaning of aggravated assault as it is used in U.S.S.G. § 2L1.2." Palomino Garcia, 606 F.3d at 1333 (quoting United States v. Fierro-Reyna, 466 F.3d 324, 329–30 (5th Cir. 2006)). For that reason, Escobar-Pineda's prior conviction under Fla. Stat. § 784.021(1)(a) qualifies as a "crime of violence" under § 2L1.2(b)(1)(A)(ii). The

4

district court did not err in applying the 16-level enhancement.[1]

AFFIRMED.

_____

[1] Escobar-Pineda also challenges the reasonableness of his sentence. He argues only that the district court procedurally erred by applying the § 2L1.2(b)(1)(A)(ii) enhancement. For the reasons explained above, the enhancement was proper and no procedural error occurred.