**Edgar SEARCY, Petitioner–Appellant**

**v.**

**Joseph P. YOUNG, individually and in his official capacity; United States Of America, Respondents–Appellees.**

**No. 12–30398**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 16, 2012.

Edgar Searcy, Oakdale, LA, pro se.

Before JOLLY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM: *

Edgar Searcy, federal prisoner # 04726–031, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. He also seeks release pending review of his appeal. Searcy challenges the sentence imposed following his conviction of using interstate commerce to induce or coerce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).

To proceed IFP on appeal, a movant must demonstrate that he is a pauper and that he will raise a nonfrivolous issue for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal. *Carson v. Polley,* 689 F.2d 562, 586 (5th Cir.1982). Searcy makes the following arguments: (1) that he is being illegally confined beyond the maximum time prescribed by statute for a violation of § 2422; (2) that the Eleventh Circuit permits an inmate to bring such a claim under § 2241 and, because he was convicted in a court subject to the Eleventh Circuit's jurisdiction, that court's precedents should apply in this case; and (3) that the district court violated the Suspension Clause by refusing to timely grant the writ in this case.

A writ of habeas corpus filed under § 2241 and a motion to vacate, set aside, or correct a sentence filed under 28 U.S.C. § 2255 are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir.2000). Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir.2000). Section 2241 is generally used to attack the manner in which a sentence is executed. *Id.* A petition filed under § 2241 which attacks errors that occurred at trial or sentencing should be construed as a § 2255 motion. *Id.* at 877–78.

A federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of § 2255(e)'s savings clause. *Kinder v. Purdy,* 222 F.3d 209, 212 (5th Cir.2000). The prisoner bears the burden of showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir.2001). A petitioner's inability to meet the procedural requirements of § 2255 is insufficient to meet this burden. *See Pack,* 218 F.3d at 452–53. Rather, a prisoner who wishes to proceed under the savings clause must establish that his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that the claim "was foreclosed by circuit law at the time when the claim should have been raised." *Reyes–Requena,* 243 F.3d at 904.

Searcy contends that his sentence is invalid because the term of imprisonment and term of supervised release, taken together, exceed the alleged statutory maximum sentence of 10 years allowed by law.[1] He argues that his continued confinement beyond that time period violates 18 U.S.C. § 4001(a), which mandates that no citizen shall be imprisoned by the United States except pursuant to an Act of Congress. He does not rely on any retroactively applicable Supreme Court decision establishing that he may have been convicted of a

---

1. Searcy's contention that the statutory maximum sentence was 10 years of imprisonment is incorrect. At the time of the offense, the statutory maximum sentence was 15 years of imprisonment. *See* 18 U.S.C. § 2422(b) (1998)(stating that the penalty for the offense is that a defendant "shall be fined under this title, imprisoned not more than 15 years, or both"); *see also United States v. Searcy,* 418 F.3d 1193, 1195–96 (11th Cir.2005)(quoting the statute). The district court sentenced Searcy to the statutory maximum of 15 years of imprisonment. *See Searcy,* 418 F.3d at 1195 (concluding that Searcy was sentenced "to the statutory maximum"). § 2422(b) has since been amended to raise the statutory maximum(to "life") and to add a statutory minimum (of 10 years). 18 U.S.C. § 2422(b)(2011)(a convicted defendant "shall be ... imprisoned not less than 10 years or for life"). Between Searcy's violation and the most recent amendment, the statute was amended to create a statutory minimum of 5 years and a statutory maximum of 30 years. 18 U.S.C. § 2422(b)(2004).

non-offense. *See Reyes–Requena,* 243 F.3d at 904.

To the extent Searcy argues that the dismissal of his § 2241 petition impermissibly suspends the writ of habeas corpus, his contention lacks merit. This court has held that the restrictions on obtaining relief pursuant to § 2241 and the savings clause of § 2255 do not violate the Suspension Clause. *Wesson v. United States Penitentiary Beaumont, TX,* 305 F.3d 343, 347 (5th Cir.2002); *Reyes–Requena,* 243 F.3d at 901 n. 19.[2]

The district court correctly determined that Searcy could not proceed under § 2241. Searcy cannot demonstrate that he will raise a nonfrivolous issue for appeal. *See Carson,* 689 F.2d at 586. Accordingly, his motion for leave to proceed IFP is DENIED. Searcy's appeal has no issue of arguable merit, *see Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983), and it is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. Searcy's motion for release pending review of his appeal is also DENIED.

---

**2.** We also reject Searcy's argument based upon 11th Circuit precedent. First, he cites no authority for the proposition that we must apply the law of the circuit in which the conviction occurred to the § 2241 question. Second, the 11th Circuit has made clear that § 2241 cannot be used to address alleged sentencing errors that result in a sentence within the statutory maximum. *Gilbert v.*

*United States,* 640 F.3d 1293, 1312 (11th Cir. 2011)(en banc)(agreeing with the 5th Circuit and other circuits), *cert. denied,* — U.S. —, 132 S.Ct. 1001, 181 L.Ed.2d 743 (2012).