[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2009
THOMAS K. KAHN
CLERK

No. 05-16128

_____

D. C. Docket No. 04-14032-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES JOSEPH BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

ON REMAND FROM THE UNITED STATES SUPREME COURT

(July 8, 2009)

Before TJOFLAT, FAY and SILER,[*] Circuit Judges.

PER CURIAM:

_____

[*]Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

In United States v. Brown, 526 F.3d 691 (11th Cir. 2008), we affirmed appellant's conviction[1] for using a facility and means of interstate commerce to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). We also affirmed the sentence he received as a career offender. See U.S.S.G. § 4B1.1.

Appellant petitioned the Supreme Court for a writ of certiorari to review our judgment. The Court granted the writ, in No. 08-5664, vacated our judgment, and remanded the case to this court "for further consideration in light of Chambers v. United States, 555 U.S. ____ [,129 S.Ct. 687, 172 L.Ed.2d 484] (2009)." On receipt of the Supreme Court's mandate, we requested and received supplemental briefing from the parties.

In Chambers, the defendant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The question before the Supreme Court was whether the crime of "failure to report" to a penal institution, in violation of Ill. Comp. Stat., ch 720, § 5/31-6(a) (West Supp. 2008), qualified as a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e). 555 U.S. at ___, 129 S.Ct. at 688. The Court held that it did not. Id. This case at hand does not present that question. Appellant nonetheless contends that the

---

[1] Appellant was convicted on a plea of guilty pursuant to a plea agreement.

2

rationale the Supreme Court utilized in reaching its holding should inform our answer to the question of whether 18 U.S.C. § 2422(b) is a "crime of violence" under U.S.S.G. § 4B1.1.

Appellant acknowledges that our decision in United States v. Searcy, 418 F.3d 1193,1198 (11th Cir. 2005), has already answered that question—§ 2422(b) is a crime of violence under § 4B1. In reviewing appellant's sentence, we followed Searcy, as we were bound to do, in holding that appellant's § 2422(b) offense constituted a crime of violence. United States v. Brown, 526 F.3d at 702. Appellant asks that we reconsider Searcy in light of Chambers. We have done so, and find nothing in Searcy's holding that is inconsistent with Chambers.

The judgment of the district court is, accordingly,

AFFIRMED.