**James Joseph BROWN,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 15-10025

United States Court of Appeals,
Eleventh Circuit.

(May 5, 2017)

Janice Louise Bergmann, Federal Public Defender's Office, Fort Lauderdale, FL, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Petitioner-Appellant

Walter M. Norkin, Assistant U.S. Attorney, Lisa Tobin Rubio, Wifredo A. Ferrer, Kathleen Mary Salyer, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, Diana Margarita Acosta, U.S. Attorney's Office, Fort Pierce, FL, for Respondent-Appellee

Before WILLIAM PRYOR and JILL PRYOR, Circuit Judges, and VOORHEES,* District Judge.

VOORHEES, District Judge:

This appeal presents · two issues: (1) whether an intervening decision of the United States Supreme Court, or of this Court, permits Appellant James Joseph Brown to establish, through a 28 U.S.C.

---

* Honorable Richard L. Voorhees, United States District Judge for the Western District of North Carolina, sitting by designation.

§ 2255 (2012) proceeding, that the district court erred at sentencing when it determined that he qualified as a career offender under United States Sentencing Guidelines Manual ("U.S.S.G.") §§ 4B1.1, 1.2 (2003); and (2) whether the Government violated Brown's due process rights by misleading Brown as to the applicability of the career offender provision. Having considered the parties' arguments, as well as the decision of the United States Supreme Court in *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017), we affirm the district court's denial of relief on Brown's 28 U.S.C. § 2255 motion.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In 2004, a grand jury indicted James Joseph Brown on the charge of using a facility, a computer, and a means of interstate commerce, knowingly to persuade, induce, entice, or coerce a minor to engage in sexual activity, and attempt to do the same, in violation of 18 U.S.C. § 2422(b) (2003). Pursuant to a written plea agreement, Brown pled guilty to the 18 U.S.C. § 2422(b) violation.[1] As part of the plea agreement, the Government and Brown stipulated to certain Guidelines calculations—Brown's offense qualified for a base offense level of twenty-one and Brown would receive a two-level enhancement for use of a computer and a three level reduction for acceptance of responsibility. *See* U.S.S.G. §§ 2A3.2(b)(3), 3E1.1(a)-(b). The Government further reserved the right to seek a two-level enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, and the parties left open the calculation of Brown's criminal history category, *see* U.S.S.G. ch. 4.[2] By not including reference to U.S.S.G. § 4B1.1 in the stipulations regarding the calculation of Brown's offense level, the Government implicitly averred its belief that Brown did not qualify as a career offender. According to an affidavit from Brown's plea counsel, the Government and the United States Probation Officer represented to plea counsel that, under then-governing law, the career offender provision did not apply to the scoring of Brown's offense. Brown's counsel attests that he, in turn, advised Brown regarding the inapplicability of the career offender provision when counseling Brown regarding the likely consequences of accepting the plea agreement. The plea agreement, however, advised Brown that, while binding on the parties, the offense-level stipulations "shall not in any way bind the United States Probation Office or the Court."

During Brown's plea colloquy, Brown affirmed that he discussed the terms of the plea agreement with his counsel, that he understood the terms of the plea agreement, and that he knew he faced a sentence of up to thirty years' imprisonment. The district court further questioned Brown regarding both the non-binding nature of the stipulations in the plea agreement and the advisory nature of the Guidelines, with Brown acknowledging his understanding of both matters.[3] Between

---

1. The specific facts of Brown's offense of conviction are immaterial to the disposition of this appeal but a discussion of the facts underlying Brown's offense can be found in this Court's opinion in *United States v. Brown* (*Brown I*), 526 F.3d 691, 696-98 (11th Cir. 2008).

2. In accordance with these stipulations, Brown faced a Guidelines range as low as 60

months and as high as 84 to 105 months. *See* U.S.S.G. ch. 5, pt. A (sentencing table); *see also* U.S.S.G. § 5G1.1(b); 18 U.S.C. § 2422(b) (establishing five-year minimum sentence for § 2422(b) violation).

3. At the plea hearing, the following interchange occurred between the district judge and Brown:

when Brown entered his plea and the scheduled date of his sentencing hearing, this Court issued its decision in *United States v. Searcy*, 418 F.3d 1193 (11th Cir. 2005), in which it held that a violation of 18 U.S.C. § 2422(b) constituted a "crime of violence" under the residual clause in U.S.S.G. § 4B1.2(a)(2).[4] The United States Probation Office issued a revised presentence investigation report that accounted for this Court's decision in *Searcy* and classified Brown as a career offender based on his offense of conviction being a "crime of violence" and his prior aggravated burglary convictions. Application of the career offender provision produced a total offense level of thirty-one, a criminal history category of VI, and a Guidelines range of 188 to 235 months.[5]

At sentencing, Brown's counsel objected to the application of the career offender provision, in part arguing that Brown, when pleading guilty, lacked notice regarding the potential applicability of the provi-

sion. The district court overruled the objection, concluding that Brown knew at the time he pled guilty that he faced thirty years' imprisonment. Considering Brown's advisory Guidelines range inclusive of the career offender provision, as well as the 18 U.S.C. § 3553(a) (2000) factors, the district court imposed a sentence of 235 months' imprisonment.

On direct appeal, Brown raised two challenges related to the issues presented in this appeal: (1) the district court did not comply with Fed. R. Crim. P. 11 by not advising Brown of the possible applicability of the career offender provision and the resulting impact on his Guidelines range; and (2) his guilty plea was invalid under the Due Process Clause because the plea was induced by the Government's misrepresentation regarding the inapplicability of the career offender provision.[6] *See Brown I*, 526 F.3d at 706-08. In support of his second challenge, Brown supplemented the district court record with an affidavit

---

Q. Do you understand the terms of the plea agreement are merely recommendations to the court, that I can reject the recommendations without permitting you to withdraw your plea of guilty and impose a sentence that is more severe than you may anticipate?
A. Understand, your honor.
. . .
Q. Do you understand the maximum possible penalties that could be imposed in your case consist of a mandatory minimum of five years['] imprisonment up to 30 years['] imprisonment . . . ?
A. Understand.
Q. Have you and your attorney talked about the sentencing guidelines?
A. Yes, sir.
Q. Do you understand the guidelines are merely advisory?
A. I do.

4. An offense qualifies as a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2) if the offense "involves conduct that presents a serious potential risk of physical injury to another."

5. Absent application of the career offender provision, the revised presentence report would have set Brown's offense level at twenty-two, his criminal history category at IV, and his Guidelines range at sixty-three to seventy-eight months.

6. Brown also argued that (1) the district court failed to comply with Fed. R. Crim. P. 11 by not explaining all the elements of a § 2422(b) offense before accepting his plea; (2) the application of *Searcy* violated his due process rights; (3) a jury, not the district court, had to determine whether his prior Ohio burglary convictions were crimes of violence under U.S.S.G. § 4B1.2(a); (4) the district court did not address each of the 18 U.S.C. § 3553(a) sentencing factors, rendering his sentence unreasonable; and (5) "pervasive bias and a high degree of antagonism" by the district judge infected his sentencing hearing. *Brown I*, 526 F.3d at 704-06, 708-15 (internal quotation marks omitted) (citation omitted).

from plea counsel attesting to counsel's understanding of the terms of the plea agreement, including the inapplicability of the career offender provision. Brown's counsel also attested to Brown's unwillingness to plead guilty absent the consensus about the inapplicability of the career offender provision. As to the first challenge, this Court concluded that Fed. R. Crim. P. 11 does not require that a district court inform a defendant about the possible application of specific provisions in the Guidelines. *Id.* at 706-07. As to the second challenge, this Court determined that the challenge required further factual development; thus, this Court concluded that the challenge was more appropriately presented through a 28 U.S.C. § 2255 motion. *Id.* at 707-08.

Brown filed a petition for a writ of certiorari. During the pendency of the certiorari petition, the United States Supreme Court decided *Chambers v. United States*, 555 U.S. 122, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009), which further defined what constituted an offense that "involves conduct that presents a serious potential risk of physical injury to another." [7] The Supreme Court granted Brown's certiorari petition, vacated this Court's decision in *Brown I*, and remanded the case for further consideration in light of *Chambers. Brown v. United States*, 556 U.S. 1150, 129 S.Ct. 1668, 173 L.Ed.2d 1050 (2009). On remand, this Court held that *Searcy* did not conflict with *Chambers*, and affirmed Brown's conviction and sentence. *United States v. Brown (Brown II)*, 329 Fed.Appx. 253, 254 (11th Cir. 2009). Brown's petition for rehearing and rehearing *en banc* and his petition for a writ of certiorari were de-

nied. *See Brown v. United States*, 559 U.S. 1071, 130 S.Ct. 2093, 176 L.Ed.2d 729 (2010); *United States v. Brown*, 373 Fed. Appx. 42 (11th Cir. 2009).

Within a year of his conviction and sentence becoming final, Brown filed the 28 U.S.C. § 2255 motion at issue in this appeal. Brown's § 2255 motion raised three claims for relief: (1) the district court improperly applied the career offender provision when calculating his Guidelines range, (2) his plea did not comport with the Due Process Clause because it was induced by a misrepresentation by the Government regarding the applicability of the career offender provision; and (3) his plea was not knowing and voluntary in light of the medication he was taking at the time of his plea. In support of his second claim for relief, Brown relied on the affidavit from his plea counsel that Brown presented to this Court on direct appeal. Brown and the Government, relying on 28 U.S.C. § 636(c) (2006), consented to a magistrate judge conducting all proceedings, including entry of final judgment.

The magistrate judge issued an order denying relief on Brown's 28 U.S.C. § 2255 motion. As to the propriety of Brown's designation as a career offender under the Guidelines, the magistrate judge held that Brown was procedurally barred from raising this issue. As a first and second alternative holding, the magistrate judge concluded that none of the cases cited by Brown abrogated *Searcy* and that even if cases from this Court abrogated *Searcy*, interests of finality outweighed a change in law regarding the applicability of a provision in the Guidelines. As a third

---

**7.** *Chambers* involved the residual clause in the definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"). Decisions construing and defining "violent felony" in the ACCA frequently apply to the interpretation of

the residual clause in the definition of "crime of violence" in U.S.S.G. § 4B1.2(a)(2) because the two provisions use nearly identical language. *Spencer v. United States*, 773 F.3d 1132, 1136 (11th Cir. 2014) *(en banc)*.

alternative holding, the magistrate judge concluded that Brown did not suffer any prejudice from any possible error in applying the career offender provision because the district court concluded that the 235-month sentence was reasonable under the 18 U.S.C. § 3553(a) factors. As to Brown's due process claim, the magistrate judge held that (1) Brown was procedurally barred from raising the issue because this Court considered the issue on direct appeal; (2) no meaningful misrepresentation occurred because the plea agreement did not bind the United States Probation Office or the district court with respect to any of the stipulations, including the implicit inapplicability of the career offender provision; and (3) Brown failed to establish that, absent the Government's representation about the inapplicability of the career offender provision, he would have proceeded to trial. Finally, in denying relief, the magistrate judge noted that the absence of any "true factual disputes" eliminated the need to conduct an evidentiary hearing.

Brown noted his appeal from the magistrate judge's order. During the pendency of his appeal, Brown filed a Fed. R. Civ. P. 60(b) motion in the district court, in which he questioned whether the parties could validly consent to a magistrate judge issuing a final order in a 28 U.S.C. § 2255 proceeding. The magistrate judge denied the Rule 60(b) motion but issued a certificate of appealability pertaining to a magistrate judge's authority in a § 2255 proceeding. Brown noted an appeal from the denial of the Rule 60(b) motion, and this Court consolidated his two appeals. This Court determined that 28 U.S.C. § 636(c) does not grant a magistrate judge the authority to enter a final judgment in a 28 U.S.C. § 2255 proceeding because the proceeding is not a "civil matter." *Brown v.*

*United States (Brown III)*, 748 F.3d 1045, 1058-71 (11th Cir. 2014). Consequently, without considering the merits of the claims for relief in Brown's § 2255 motion, this Court remanded the matter to the district court. *Id.* at 1071.

On remand, the district court construed the magistrate judge's order as a report and recommendation ("R&R"). After considering Brown's objections to the R&R, the district court issued a paperless order adopting the R&R, denying relief, and denying a certificate of appealability. In so doing, the district court held that *Searcy* remained the law of this Circuit, that Brown could not relitigate the applicability of the career offender provision, and that Brown's due process claim "fail[ed] to state a compelling basis for relief." Brown noted an appeal to this Court. During the pendency of his appeal, the United States Supreme Court decided *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), in which it upheld a constitutional vagueness challenge to the residual clause of the ACCA. With *Johnson*'s potential applicability to the definition of "crime of violence" in the Guidelines in mind, this Court granted a certificate of appealability on two questions:

> (1) Whether the district court erred in denying Brown's claim that he was wrongly sentenced as a career offender, given that 18 U.S.C. § 2422(b) is not a "crime of violence" for purposes of the career offender enhancement?

> (2) Whether the district court erred in denying Brown's due process claim that his guilty plea was induced by the misrepresentation that he would not be sentenced as a career offender?[8]

---

8. The prevailing certificate of appealability in this appeal replaced an initial certificate of appealability that raised only the second question.

Subsequent to issuance of the certificate of appealability, this Court decided *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015), in which it held that *Johnson* was not applicable to the career offender provision in the Sentencing Guidelines because the vagueness doctrine applies only to statutes that define crimes and fix punishments rather than the Guidelines, which are advisory by their very nature. *Id.* at 1193-96. Shortly before oral argument in this case, the United States Supreme Court granted certiorari in *Beckles v. United States*, which presented the constitutional question answered by this Court in *Matchett*. *See* — U.S. —, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016). Oral arguments having occurred and the Supreme Court having issued its decision in *Beckles*, — U.S. —, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017), this Court renders judgment as to Brown's second appeal from the denial of his § 2255 motion.

## II. STANDARD OF REVIEW

We review de novo the district court's legal determinations underlying its denial of relief on a 28 U.S.C. § 2255 motion and review its factual determinations for clear error. *Phillips v. United States*, 849 F.3d 988, 992 (11th Cir. 2017).

## III. ANALYSIS

### A. COA QUESTION 1: Application of Career Offender Provision of Guidelines

■ Brown raises two arguments for why his offense of conviction is not a "crime of violence" under U.S.S.G. § 4B1.2(a) and for why he is entitled to relief in the form of resentencing. First, Brown argues that the constitutional vagueness argument that controlled in *Johnson* applies to the residual clause of the definition of "crime of violence" in U.S.S.G. § 4B1.2(a)(2) such that his 18

U.S.C. § 2422(b) offense is not a "crime of violence" where *Searcy* held that the offense only qualifies as a "crime of violence" through the residual clause. The United States Supreme Court's recent decision in *Beckles* disposes of Brown's first argument because *Beckles*, like this Court's decision in *Matchett*, rejected an identical vagueness challenge to the residual clause in U.S.S.G. § 4B1.2(a)(2). Specifically, the Supreme Court held that the Guidelines are not susceptible to a constitutional vagueness challenge because the Guidelines merely advise the sentencing court as to an appropriate sentence for the defendant but "do not fix the permissible range of sentences." *Beckles*, 137 S.Ct. at 892. Accordingly, unlike the residual clause in the definition of "violent felony" in the ACCA, the residual clause in the definition of "crime of violence" in U.S.S.G. § 4B1.2 is not void for vagueness and continues to provide a basis for classifying an offense as a "crime of violence."

Second, Brown argues that an intervening change of law results in his § 2422(b) offense no longer qualifying as a crime of violence under the residual clause in U.S.S.G. § 4B1.2(a)(2) and, further, that the intervening change of law provides a basis for relief within the framework of 28 U.S.C. § 2255. In support of his argument, Brown cites this Court's decisions in *United States v. Harris*, 608 F.3d 1222 (11th Cir. 2010), *United States v. Owens*, 672 F.3d 966 (11th Cir. 2012), *United States v. Chitwood*, 676 F.3d 971 (11th Cir. 2012), and *Matchett*, for the proposition that the analysis employed in *Searcy* to determine that a § 2422(b) offense qualifies as a "crime of violence" did not consider whether a § 2422(b) offense is "roughly similar" to the offenses specifically listed in U.S.S.G. § 4B1.2(a)(2) and that if this Court undertook that analysis, a § 2422(b) offense would not qualify as a "crime of

violence." An intervening change of law can provide a basis for relief under § 2255 if the change in law has a constitutional dimension or if it involves a change in the interpretation of a law of the United States. *Davis v. United States*, 417 U.S. 333, 342-45, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (citing 28 U.S.C. § 2255(a)). In light of the Supreme Court's decision in *Beckles*, the supposed intervening change of law relied on by Brown presents, at most, a change as to the interpretation of a law that would render the application of the Guidelines by the district court incorrect, but "a misapplication of advisory sentencing guidelines" is not reviewable under § 2255. *Spencer*, 773 F.3d at 1138-40.

■ Where an intervening change of law involves the interpretation of a law of the United States, the intervening change in law only provides a basis for relief on collateral review if not applying the change constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346, 94 S.Ct. 2298 (citation omitted). An error at sentencing rises to the level of a "fundamental defect" and "results in a complete miscarriage of justice" if the prisoner "is either actually innocent of his crime or . . . a prior conviction used to enhance his sentence has been vacated." *Spencer*, 773 F.3d at 1139. Conversely, a misapplication of the Guidelines does not constitute a "fundamental defect" or "result[ ] in a complete miscarriage of justice" and the erroneous application of a Guideline provision will not serve as a basis for relief in a collateral proceeding under § 2255. *Id.* at 1135, 1139-42. This is because the Guidelines are merely advisory and any error in calculating the Guidelines produces neither an illegal sentence in excess of the statutory maximum penalty nor a sentence that could not be reimposed at resentencing. *Id.* at 1139-40. Furthermore, the extent of

an increase to a defendant's Guidelines range as a result of the misapplication of a Guidelines provision, including the misapplication of the career offender provision, does not alter the conclusion that a Guidelines error does not constitute a "fundamental defect" or "result[ ] in a complete miscarriage of justice." *See id.* at 1142 (rejecting claim that misapplication of career offender provision constituted a fundamental defect or a complete miscarriage of justice). Accordingly, even assuming that Brown's 18 U.S.C. § 2422(b) offense does not qualify as a "crime of violence" under the analysis employed in *Harris*, *Owens*, *Chitwood*, and *Matchett*, any change in the law with respect to the applicability of the career offender provision does not provide a basis for relief through a 28 U.S.C. § 2255 proceeding.

## B. COA QUESTION 2: Plea and Due Process

Brown contends that his plea is invalid under the Due Process Clause because he did not enter a knowing, voluntary, and intelligent plea where the Government's misrepresentation that the career offender provision in the Guidelines did not apply induced him to enter his plea. In support of his argument, Brown relies on this Court's holdings in *Finch v. Vaughn*, 67 F.3d 909 (11th Cir. 1995), and *In re Arnett*, 804 F.2d 1200 (11th Cir. 1986).

As an initial matter, we find it instructive to discuss the district court's conclusion that Brown is procedurally barred from raising this claim because he presented the claim on direct appeal. Typically, a prisoner is procedurally barred from relitigating an issue on collateral review that he already raised in his direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1242 (11th Cir. 2014). Where, however, facts essential to a claim are not in the appellate record, the general rule in favor

of a procedural bar does not apply and the issue may be raised on collateral review to permit further factual development. *See Bousley v. United States*, 523 U.S. 614, 621-22, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citing *Waley v. Johnston*, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942) (per curiam)). One example of a claim typically requiring further factual development through a § 2255 proceeding is a claim based on ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

■ On direct appeal, this Court likened Brown's due process claim to a claim based on ineffective assistance of counsel because the claim relied on facts not before the district court, including the affidavit from Brown's plea counsel. *Brown I*, 526 F.3d at 707-08. In so doing, this Court stated, "As with an ineffective assistance of counsel claim, Brown's [due process] claim is best resolved in a collateral proceeding under 28 U.S.C. § 2255, where the district court will have an opportunity to convene a hearing, entertain the relevant evidence, and make findings of fact." *Id.* at 708. Accordingly, this Court has already signaled that Brown's due process claim falls within the exception to the general procedural rule prohibiting a prisoner from relitigating an issue presented on direct appeal. Therefore, to the extent that the district court adopted the magistrate judge's conclusion that Brown was procedurally barred from raising his due process claim, the district court erred.[9]

Concluding that Brown is not procedurally barred from raising his due process claim, we now consider the merits of the claim. When a defendant enters a plea of guilty, he waives certain constitutional rights. *Finch*, 67 F.3d at 914. " 'Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.' " *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). Furthermore, a defendant is entitled to presume that the government has negotiated the plea agreement in good faith and that he may rely on promises by the government when assessing the likely consequences of his plea. *Id.* at 915-16. Thus, a misrepresentation or false promise by the government may prevent a defendant from appreciating the likely consequences of his guilty plea. *See id.*

■ Brown's due process argument fails for two reasons. First, Brown's decision to

---

9. To the extent the district court did not intend to adopt this conclusion of the magistrate judge, we observe that the paperless order issued by the district court did not specifically reject any of the magistrate judge's conclusions. We further take pause to note that the issuance of a paperless order, generally devoid of reasoning, does little to advance the interests of justice or the record for purposes of appeal where the report and recommendation adopted is not free of error, even if any errors ultimately do not alter the result of the proceeding. This is particularly true here because the magistrate judge's R&R not only incorrectly concluded that Brown's due process argument was procedurally barred but also incorrectly suggests that Brown did not present any evidence of his intent to proceed to trial if the career offender provision applied and further reached debatable conclusions as to whether Brown's first claim of error was procedurally barred and whether, if there was error, any error was harmless because the district court alternatively concluded that Brown's 235-month sentence was reasonable under the 18 U.S.C. § 3553(a) factors and notwithstanding Brown's Guidelines range. Proper discussion of these matters by the district judge would have helped to narrow the issues before this Court on appeal and would have demonstrated to Brown that the district court duly considered his arguments.

enter a plea of guilty was not induced by a misrepresentation of the nature necessary to support a due process challenge. *Finch*, a seminal case in this Circuit regarding misrepresentations and due process at the plea stage, involved a promise by a state prosecutor that incorrectly stated the law and could not be fulfilled at the time the state prosecutor made the promise. *Id.* Here, although the Government expressed its belief that the career offender provision did not apply in Brown's case, the Government's belief was not contrary to any precedent of this Court at the time of the Government's representation. In this respect, while the Government's position on the applicability of the career offender provision was later deemed inaccurate by *Searcy*, the Government neither misrepresented the state of the law at the time Brown entered the plea agreement nor intentionally deceived Brown regarding his likely advisory Guideline range if he pled guilty.

Second, the Government's expression of its belief about the applicability of the career offender provision does not constitute the type of representation that can give rise to a due process claim. This is because the representation pertained to the calculation of Brown's Guidelines range, which the plea agreement and the district court informed Brown he could not rely upon to determine what his sentence would be given the advisory nature of the Guidelines. To that point, the plea agreement specifically advised Brown that the stipulations as to the Guidelines calculations were not binding on the United States Probation Office or the district court. In this respect, the Government's representation regarding the applicability of the career offender provision is easily distinguishable from the representations in *Finch* and *Arnett* because the representations at issue in those two cases involved specific and fixed aspects of the defen-

dant's sentence. *See Finch*, 67 F.3d at 915-17 (finding due process violation where, at a combined change of plea and sentencing hearing, the state prosecutor and the sentencing court represented that defendant's state sentence would be concurrent to his federal sentence even though the state court lacked authority to run the state sentence concurrent to the federal sentence); *Arnett*, 804 F.2d at 1203-04 (concluding that government effort to seize more assets through forfeiture than listed in the plea agreement would result in due process violation and enforcing plea agreement as written to avoid violation). Furthermore, Brown's presentence report clearly reminded the district court of the stipulations in the plea agreement regarding the calculations of Brown's Guidelines, and it was within the district court's discretion to consider the stipulations when selecting Brown's sentence. Accordingly, where there is no dispute that Brown understood that he faced a thirty-year statutory maximum penalty and that any Guidelines range was only advisory, Browns due process claim fails.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the denial of relief on Brown's 28 U.S.C. § 2255 motion.

JILL PRYOR, Circuit Judge, concurring in result:

I concur in the result in this case because binding precedent, *Beckles v. United States*, —— U.S. ——, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017), and *Spencer v. United States*, 773 F.3d 1132 (11th Cir. 2014) (en banc), dictates that we must affirm the denial of relief on Mr. Brown's 28 U.S.C. § 2255 motion.