[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11427
Non-Argument Calendar

_____

D.C. Docket No. 6:16-cr-00135-PGB-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK RICHARD SMITH,
a.k.a. Patrick R. Smith,
a.k.a. Patrick Smith,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 30, 2019)

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Patrick Smith appeals his 96-month sentence of imprisonment after pleading guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues that the district court erred in calculating his base offense level and criminal history category under the Sentencing Guidelines. He also contends that § 922(g)(1) is unconstitutionally void for vagueness. We affirm.

## I.

Smith's first argument concerns his base offense level under U.S.S.G. § 2K2.1, the guideline for § 922(g)(1) offenses. Under § 2K2.1, the base offense level for a § 922(g)(1) offense is 12 unless the offense involved certain firearms or the defendant has certain prior criminal convictions. *See generally id.* § 2K2.1(a). As relevant here, the base offense level is 24 if the defendant has "at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). Where the defendant has only one such predicate conviction, however, the base offense level is 20. U.S.S.G. § 2K2.1(a)(4)(A).

The district court applied § 2K2.1(a)(2), finding that Smith had two predicate convictions: one crime of violence—aggravated battery; and one controlled substance offense—manufacture of hashish, manufacture of cannabis, and possession of cannabis with intent to sell. Smith does not dispute that his aggravated-battery conviction is a qualifying crime of violence. But he argues that

the drug conviction is not a controlled substance offense.  So, in his view, the court should have applied § 2K2.1(a)(4)(A) and its base offense level of 20.

We review *de novo* whether a prior conviction qualifies as a controlled substance offense under the Guidelines.  *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017).  A "controlled substance offense" is a federal or state offense that (1) is "punishable by imprisonment for a term exceeding one year" and (2) "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . .  with intent to manufacture, import, export, distribute, or dispense."  *See* U.S.S.G. § 2K2.1, cmt. n.1 (adopting U.S.S.G. § 4B1.2(b)'s definition of "controlled substance offense").

Here, the district court did not err in applying § 2K2.1(a)(2).  Based on the state-court judgment for the drug offense, Smith was convicted under Fla. Stat. § 893.13(1)(a)(2), which makes it a third-degree felony, punishable by up to five years of imprisonment, to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver" cannabis.  Fla. Stat. §§ 893.13(1)(a)(2), 775.082(1)(e).  Neither party cites the case, but we have held that § 893.13(1) is a "controlled substance offense" under the Guidelines.  *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014).

Smith's claim that "low-level" drug felonies don't count under the Guidelines is contradicted by the plain terms of the definition of "controlled substance

3

offense."[1]   Under this definition, the state-law offense must be "punishable by imprisonment for a term exceeding one year."  U.S.S.G. § 4B1.2(b).  This requirement is met because, as Smith concedes, his offense was a third-degree felony, which is punishable "by a term of imprisonment not exceeding 5 years."  Fla. Stat. § 775.082(1)(e).  Accordingly, Smith's conviction under § 893.13(1)(a)(2) qualifies as a predicate controlled substance offense.  *See Smith*, 775 F.3d at 1268.

## II.

Smith next contends that the district court erred in calculating his criminal history category.  Smith received a total of 23 criminal history points, well over the 13 points necessary to put him in the highest criminal history category: VI.  *See* U.S.S.G. ch. 5, pt. A (sentencing table).  He maintains on appeal that he should have received 12 points, putting him, just barely, in category V.  *See id.*

## A.

We first consider Smith's challenge to the scoring of his convictions for aggravated battery (¶ 34 of the final PSR) and uttering a forged bill (¶ 51).  He says that he did not commit aggravated battery because he acted in self-defense and that he did not serve any jail time for the conviction for uttering a forged bill.

---

[1] Smith's assertion that a state drug offense must "a second degree felony or higher" may be loosely accurate in relation to the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e)(2)(A)(i)–(ii) (defining "serious drug offense" as an offense with a "maximum term of imprisonment of *ten years* or more" (emphasis added)).  But the Guidelines' definition is different.

4

Criminal history points are based on the sentence imposed for a criminal conviction. *See* U.S.S.G. § 4A1.1. As relevant here, a defendant receives three points "for each prior sentence of imprisonment exceeding one year and one month," U.S.S.G. § 4A1.1(a), while two points are added for "each prior sentence of imprisonment of at least sixty days not counted in [§ 4A1.1(a)]," *id.* § 4A1.1(b). "The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." *Id.* § 4A1.2(b)(1).

Here, the district court properly scored Smith's convictions for aggravated battery and uttering a forged bill. Although Smith claims he acted in self-defense, he doesn't dispute that he was convicted by a jury of aggravated battery and sentenced to four years of imprisonment. So, the court properly added three points. *See* U.S.S.G. §4A1.1(a). As to the conviction for uttering a forged bill, the judgment for that offense reflects that he was sentenced to a term of 60 days in the county jail, despite Smith's claim that he was sentenced solely to drug treatment. Because he was sentenced to a maximum of at least 60 days of jail, the court properly added two points. *See* U.S.S.G. § 4A1.1(b); *id.* § 4A1.2(b)(1).

**B.**

Smith next contends that the government failed to offer adequate proof of the fact of several prior convictions under *Shepard v. United States*, 544 U.S. 13 (2005). He maintains that *Shepard* requires the government to produce evidence of a

5

judgment or other comparable judicial record, and that the government's evidence in this case fell short with respect to four convictions: aggravated battery (PSR ¶ 34), resisting law enforcement (¶ 45), resisting law enforcement (¶ 46), and theft/receiving stolen property (¶ 47).[2]

The government is required to prove the fact of a prior conviction by a preponderance of the evidence. *United States v. Alicea*, 875 F.3d 606, 608 (11th Cir. 2017). To meet that burden, "the best approach would always be to produce a certified copy of the conviction." *United States v. Wilson*, 183 F.3d 1291, 1301 (11th Cir. 1999). But the government may offer "any information, including reliable hearsay, regardless of the information's admissibility at trial, provided that there are sufficient indicia of reliability to support its probable accuracy as evidence of a prior conviction." *United States v. Brown*, 526 F.3d 691, 710 (11th Cir. 2008) (quotation marks omitted), *vacated on other grounds*, 556 U.S. 1150 (2009), *reinstated*, 329 F. App'x 253 (11th Cir. 2010).

Smith misreads *Shepard*. *Shepard* restricts the evidence courts can rely on when determining *the character of a prior conviction* as a predicate offense for purposes of the Armed Career Criminal Act or the career-offender enhancement. *Brown*, 526 F.3d at 712; *United States v. Cantellano*, 430 F.3d 1142, 1147 (11th Cir.

---

[2] To the extent Smith also challenges the proof of the drug conviction used to enhance his base offense level, we reject this argument because the government submitted the criminal judgment for that offense.

6

2005). But it does not address what documents can be used to prove *the fact of a prior conviction*. 526 F.3d at 712. Nor have we held that "a prior conviction must be demonstrated by a judgment or comparable record of the disposition of charges." *Brown*, 526 F.3d at 712 (rejecting this argument); *see Wilson*, 183 F.3d at 1301 (concluding that a "[presentence investigation report], the on-the-record statements of a probation officer, and the notes of another probation officer" were sufficiently reliable to support a finding of a prior conviction).

Here, the district court did not reversibly err in calculating Smith's criminal history category. The government was not required to offer a certified copy of the judgment or other comparable judicial record to prove the fact of the prior convictions. *Brown*, 526 F.3d at 712. All it had to do was present evidence that, "taken together," is "sufficiently reliable to support the court's finding" of a conviction. *Wilson*, 183 F.3d at 1301.

It's clear the government met its burden with regard to the convictions for aggravated battery and theft/receiving stolen property (PSR ¶¶ 34 & 47). In support of these convictions, the government produced the respective criminal judgments, which were sufficiently reliable to support the court's finding that Smith had been convicted of these offenses. *See Wilson*, 183 F.3d at 1301.

For the remaining two convictions for resisting law enforcement (PSR ¶¶ 45 & 46), however, the adequacy of the government's proof is less clear. These

convictions were supported only by uncertified "case summaries"—essentially docket sheets—from Indiana state courts. While we have held that docket sheets may be considered at sentencing without violating a defendant's constitutional rights, *see Brown*, 526 F.3d at 712, we have not addressed whether docket sheets are "sufficient reliable" to support a finding of a prior conviction, *see id.* at n.25 (noting that the defendant "does not argue that the docket sheets lacked sufficient indicia of reliability to support [their] probable accuracy as evidence of the prior convictions" (quotation marks omitted)).

In any case, while Smith has provided no persuasive reason to believe that the information contained in the case summaries lacked sufficient indicia of reliability, we need not resolve whether the case summaries in this case constituted adequate proof. That's because any error in scoring the convictions for resisting law enforcement, which yielded a total of four criminal history points, was harmless. Without the points for these offenses, Smith still has 16 criminal history points, which is more than enough to keep him in criminal history category VI. *See* U.S.S.G. ch. 5, pt. A (sentencing table). Because the court's error, if any, had no effect on his criminal history category or guideline range, we conclude that it was harmless. *See United States v. Sarras*, 575 F.3d 1191, 1220 n.39 (11th Cir. 2009) (stating that any error in applying a sentencing enhancement was harmless because the defendant's "total offense level would have remained the same").

8

For these reasons, the district court properly sentenced Smith based on a criminal history category of VI.

### III.

Finally, Smith argues that § 922(g)(1) is unconstitutionally vague as applied to him because the statute fails to provide fair warning and authorizes arbitrary enforcement.[3]  We disagree.

Ordinarily, we review *de novo* whether a criminal statute is void-for-vagueness as applied to a defendant's conduct.  *See United States v. Nelson*, 712 F.3d 498, 504 (11th Cir. 2013).  Issues not raised before the district court, however, are reviewed for plain error only.  *United States v. Hesser*, 800 F.3d 1310, 1324 (11th Cir. 2015).  Smith did not raise his void-for-vagueness objection below, so we review, at most, for plain error.  To succeed on plain-error review, the defendant must establish that the court deviated from a "clearly established" legal rule in a way that affected his substantial rights.  *See id.* at 1324–25.

A criminal statute is unconstitutionally vague when it "fails to provide a person of ordinary intelligence fair warning, or authorizes arbitrary and discriminatory enforcement."  *United States v. Lebowitz*, 676 F.3d 1000, 1012 (11th

---

[3] In this same section, Smith also contends in passing that the government failed to disclose evidence and the criminal history of a confidential source.  He provides no citations to the record or caselaw in support of his position, however, so we conclude that he has abandoned this argument.  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that an appellant abandons a claim if he fails to raise it plainly and prominently and makes only passing references to it).

Cir. 2012) (*per curiam*).  Statutes have a strong presumption of validity.  *Id.*  Smith was convicted of violating § 922(g)(1), which makes it unlawful for any person who has been convicted of a crime punishable by imprisonment for a term over one year "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition."  18 U.S.C. § 922(g)(1).

Here, Smith has not established plain error.  Smith's claim that the statute invites arbitrary enforcement is largely unexplained and is unsupported by the record.  Nor is the provision so vague that a person of ordinary intelligence would have to guess at its meaning.  As applied to Smith, the plain language of § 922(g)(1) makes it clear that it is unlawful for (a) a person who has been convicted of a felony (b) to possess any firearm or ammunition that has moved in interstate commerce.  These requirements are straightforward and sufficient to provide fair warning of the proscribed conduct.  At the very least, it's not "clearly established" that it would be unconstitutional to apply § 922(g)(1) to Smith, a convicted felon who admitted that he possessed a firearm that had travelled in interstate commerce.  *See, e.g.*, *United States v. Carter*, 981 F.2d 645, 647 (2d Cir. 1992) (section 922(g)(1) was not unconstitutionally vague as applied to possession of a firearm that had travelled in interstate commerce).  Accordingly, we reject his void-for-vagueness argument.

**AFFIRMED.**

10