[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17545
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00520-RAL-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE LUIS ALICEA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 9, 2017)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Jorge Luis Alicea pleaded guilty to three counts of distributing controlled substances, 21 U.S.C. § 841(a)(1) and (b)(1)(c), one count of possessing with intent to distribute controlled substances, id., and one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g).  Alicea contends that the court erred in determining his base offense level and in calculating his criminal history score.

The district court determined that Alicea's base offense level was 20 because he committed the § 922(g) offense after previously being convicted of a controlled substance offense.  U.S.S.G. § 2K2.1(a)(4)(A).  Alicea argues that the government did not prove that he was convicted of a controlled substance offense.  We review the district court's factual findings for clear error.  United States v. Robertson, 493 F.3d 1322, 1329–30 (11th Cir. 2007).  A finding is clearly erroneous where, after reviewing all the evidence, we are "left with the definite and firm conviction that a mistake has been committed."  Id. at 1330.

The presentence investigation report states that in 2006 Alicea was convicted of the criminal sale of a controlled substance (heroin) on school grounds. Alicea objected to the PSR because, according to him, there was insufficient evidence to support the fact of that conviction.  In response, the probation officer produced a certificate of disposition from the "Supreme Court of the State of New York, Bronx County," signed by the court clerk, stating:

> I hereby certify that it appears from an examination of the records on file in this office that on 08/14/2006 the above named defendant was

2

convicted of the crime(s) below before Justice Davidowitz, Edward then a justice of this court.  CRIMINAL SALE CONTOL [sic] SUB – SCHOOL GROUNDS PL 220.44 02 BF (HEROIN).

The "above named defendant" is identified on the certificate as "Alicea, Jorge."

Alicea acknowledges that the government need only prove the fact of his conviction by a preponderance of the evidence, see United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005), and that such proof need not be admissible, U.S.S.G. § 6A1.3(a).  Yet he asserts that the certificate is insufficient to prove the fact of his conviction because of its "dubious wording," because it is signed "by an unidentified court clerk," and because it lists a birthdate of 4/23/86 instead of 3/24/86.[1]

Under New York law, "[a] certificate issued by a criminal court, or the clerk thereof, certifying that a judgment of conviction against a designated defendant has been entered in such court, constitutes presumptive evidence of the facts stated in such certificate."  N.Y. Crim. Proc. Law § 60.60(1).  Although we have not addressed whether a New York certificate of disposition is sufficient to establish the fact of a defendant's prior conviction, the Second and Fifth Circuits have held as much.  See United States v. Green, 480 F.3d 627, 632 (2d Cir. 2007) ("[A] certificate [of disposition] . . . constitutes presumptive evidence of the facts stated

---

[1] Alicea defeats his assertion that the birthdate discrepancy suggests the certificate "pertains to the wrong individual" by later acknowledging that he "did not dispute that he was the defendant in that particular case."  And Alicea's assertion that the certificate is signed "by an unidentified court clerk" fails.  Although the court clerk's name is not printed on the certificate, the certificate is signed, and the title "court clerk" appears beneath the signature line.

in such certificate.") (emphasis omitted) (quoting N.Y. Crim. Proc. Law § 60.60(1)); United States v. Neri-Hernandes, 504 F.3d 587, 592 (5th Cir. 2007) ("[A] Certificate of Disposition is admissible to determine the nature of a prior conviction and has sufficient indicia of reliability for the court to rely on it to establish this fact.").

Given that persuasive authority, we are not "left with the definite and firm conviction" that the district court erred by relying on the certificate of disposition to find that Alicea had been convicted of a controlled substance offense. See Robertson, 493 F.3d at 1329–30. As a result, the district court did not clearly err in applying a base offense level of 20. U.S.S.G. § 2K2.1(a)(4)(A).

Alicea also contends that the district court erred in calculating his criminal history score. He argues that the government failed to provide reliable evidence to prove his three prior New York convictions for the sale of a controlled substance on school grounds, misdemeanor possession of a controlled substance, and misdemeanor possession of marijuana. Had the district court disregarded those convictions, Alicea asserts, he would have received three fewer criminal history points and his criminal history category would have been one category lower. As noted earlier, we review only for clear error the district court's factual determinations. See Robertson, 493 F.3d at 1329–30.

4

We have already explained that the district court did not clearly err by finding that Alicea was convicted of selling heroin on school grounds. Nor did it err with respect to the other two New York convictions. The district court accepted the probation officer's undisputed notation that both convictions bore an identification number identical to the one in Alicea's National Crime Information Center report. And although the arrests in those cases were made under the names George Alicea and Joshua Alicea, the NCIC report indicates that those names are Alicea's known aliases. Given that evidence, the district court did not clearly err by finding that Alicea had been convicted of those offenses.

Alternatively, even if the district court did err with respect to those New York convictions, any such error was harmless. See United States v. Monzo, 852 F.3d 1343, 1351 (11th Cir. 2017). Section 4A1.1(c) of the Guidelines provides that a defendant receives one criminal history point for each prior conviction that does not receive criminal history points under either § 4A1.1(a) or (b). A defendant may receive no more than four points under § 4A1.1(c). Alicea had six qualifying convictions under § 4A1.1(c): the three New York convictions discussed above and three Florida convictions that he does not challenge on appeal. Consistent with § 4A.1(c), Alicea received only four criminal history points for those convictions. Even excluding the two points assessed for the New York misdemeanors, Alicea's criminal history score would remain the same — he would

still have four qualifying convictions under § 4A1.1(c), each yielding one criminal history point.  For that reason, any error with respect to the two contested New York convictions was harmless.  See Monzo, 852 F.3d at 1351.

 **AFFIRMED.**