[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14454
Non-Argument Calendar

_____

D.C. Docket No. 6:17-cr-00112-PGB-TBS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHAN PEREZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 18, 2018)

Before MARTIN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Nathan Perez appeals his 210-month concurrent sentences of imprisonment

for the following convictions: two counts of receiving child pornography, 18

U.S.C. § 2252(a)(2) and (b)(1), and one count of possessing material that contained images of child pornography, *id.* at (a)(4)(B) and (b)(2).  On appeal, he argues that the district court clearly erred when it relied on uncertified case-abstract filings—here, county-court docket sheets—to include three Hernando County convictions (two convictions for battery and one for driving with a suspended license) in calculating his criminal-history score.

## I

When reviewing the district court's findings with respect to Guidelines issues, we consider legal issues *de novo*, factual findings for clear error, and the court's application of the Guidelines to the facts with due deference, which is akin to clear-error review.  *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010).  There is no clear error in cases where the record supports the district court's findings.  *United States v. Petrie*, 302 F.3d 1280, 1290 (11th Cir. 2002).  The government must establish the facts necessary to support a sentencing enhancement by a preponderance of the evidence.  *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007).  This burden requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence.  *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).  We will not disturb a district court's factual findings under the clearly-erroneous standard unless we are left with a "definite and firm conviction that a mistake has been committed."  *Id.*

2

A challenge to the facts contained in the Presentence Investigation Report ("PSI") must be asserted with specificity and clarity, or else the objection is waived. *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006). A defendant seeking to preserve an objection to his sentence for appeal must raise that point in such clear and simple language that the trial court may not misunderstand it. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014).

The definitions and instructions in U.S.S.G. § 4A1.2 govern the computation of criminal-history points under § 4A1.1. *See* U.S.S.G. § 4A1.1, comment. (n.1). The Guidelines define "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). "Sentence of imprisonment" is defined as a sentence of incarceration that, for the purpose of assigning criminal history points under U.S.S.G. § 4A1.1(a), (b), and (c), refers to the "maximum sentence imposed." U.S.S.G. § 4A1.2(b)(1). Under § 4A1.1(b), two points are added for each prior sentence of imprisonment of at least 60 days but not more than one year and one month. U.S.S.G. § 4A1.1(b). The Guidelines also expressly count a misdemeanor driving-with-revoked-or-suspended-license conviction if the sentence was a term of probation exceeding one year or a term of imprisonment of at least 30 days. U.S.S.G. § 4A1.2(c)(1). The following prior

offenses, however, are never included when computing a defendant's criminal history: fish and game violations, hitchhiking, juvenile status offenses and truancy, local ordinance violations, loitering, minor traffic infractions, public intoxication, and vagrancy. *Id*. § 4A1.2(c)(2).

We have held that a certified copy of a conviction is not required for a sentencing court to make a proper finding that such a conviction in fact exists. *United States v. Wilson*, 183 F.3d 1291, 1301 (11th Cir. 1999). Rather, a sentencing court may "consider any information, (including hearsay) regardless of its admissibility at trial, in determining whether factors exist that would enhance a defendant's sentence, provided that the information is sufficiently reliable." *Id.* In *Wilson*, we held that the sentencing court's reliance on the PSI, the on-the-record statements of a probation officer, and the notes of another probation officer were sufficiently reliable when taken together. *Id.* We have also held that a district court did not err when it relied on a probation officer's undisputed notation connecting the defendant to prior convictions used to calculate his criminal history score, despite the fact that, in those cases, the defendant was arrested under different names. *United States v. Alicea*, 875 F.3d 606, 609 (11th Cir. 2017).

## II

As an initial matter, we conclude that Perez adequately preserved his objection to the scoring of the Hernando County convictions. Initially, he raised

his objections to the scoring of the convictions because the information did not come directly from *Shepard*[1] documents.  He then objected to the reliance on the case-abstract filings that the government included in its sentencing memorandum, arguing that the court needed a judgment, conviction, and fingerprints, to show by a preponderance of the evidence that he was convicted in those cases, and also objected to the procedural reasonableness of his sentence.  Thus, Perez raised the issue before the court with sufficient specificity and clarity.  *See Bennett*, 472 F.3d at 832.  Accordingly, we review the factual findings for clear (rather than plain) error.  *See Rothenberg*, 610 F.3d at 624.

Moving to the merits, the district court did not clearly err in finding that Perez was convicted of the Hernando County offenses and that each conviction warranted two criminal-history points, totaling a six-point enhancement.  The record adequately demonstrates that the government met its burden by proving by a preponderance of the evidence that Perez had previously been convicted of the three misdemeanor offenses.  *Perez-Oliveros*, 479 F.3d at 783.

The Hernando County case-abstract filings, the letters between the probation office and the Hernando County clerk, and the probation office's explanation concerning the retrieval of information were, together, sufficiently reliable information on which the district court could base its finding.  In the PSI

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

5

Addendum, the probation office explained that the Hernando County court had met its record-retention requirements, and that the "images" related to those cases had therefore been destroyed. The office explained that it had obtained information about the convictions from the county court's docket documents. The government attached to its sentencing memorandum a letter from the probation office to the Hernando County clerk in which the probation office requested documents related to "Nathan Perez Poonpiset (DOB: 12/12/1981)" for the following convictions: (1) 2007CT001571 – Driving While License Suspended; (2) 2007MM005525 – Battery Touch and Strike; (3) 2008MM001417 – Battery Touch and Strike, Damage Property, Condition Release Violation. The clerk confirmed that the documents had been destroyed. Nevertheless, the government attached the case-abstract filings for the three convictions (which showed that "Nathan Perez" was the defendant and which contained the same case numbers as those referenced in the PSI), and also included in the letter from the probation office to the Hernando County clerk. Finally, although the letter to the clerk referred to "Nathan Perez Poonpiset," the probation office confirmed in the PSI that "Perez, Nathan Poonpiset" was one of Perez's aliases, and both the letter and the PSI referenced the same date of birth. *See Alicea*, 875 F.3d at 609 (explaining that district court did not clearly err in relying on convictions assigned to defendant's known aliases).

6

Perez insists on appeal that the case-abstract filings were unreliable because they did not expressly name the offenses for which he was convicted, and he thus contends that the court should not have counted those convictions toward his criminal history.  However, the Hernando County court docket entries illustrate (albeit in an abbreviated fashion) that Perez was indeed found guilty of a criminal traffic violation and two misdemeanor-domestic-violence charges.  Specifically, the docket sheets contained the case numbers, Perez's name, *nolo contendere* pleas, docket-entry captions referring to the crimes, and his sentences.  For the traffic violation, Perez received a sentence of two months' incarceration, which he served from May 20, 2008, to July 29, 2008.  For the domestic-violence convictions, he received a sentence of six months and seven days and a sentence of five months and 31 days, which was later modified to six months and seven days.

Particularly under the deferential standard that governs our review, these documents—along with the correspondence between the probation office and the Hernando County clerk's office, as well as the probation office's explanation of the original files' destruction—were sufficient to allow the court to find that Perez had in fact been convicted of the three crimes and that each sentence met the requirements of the Guidelines' two-level enhancement.  Because the docket sheets were sufficiently reliable, the district court did not clearly err in finding that Perez

7

was in fact convicted of the Hernando County convictions.  *See Wilson*, 183 F.3d at 1301.

**AFFIRMED.**