[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11578
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00345-WFJ-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEWIS JEREMIAH JOHNSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 6, 2020)

Before WILSON, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

After a jury trial, Lewis Jeremiah Johnson appeals his total 144-month sentence for two counts of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), two counts of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  On appeal, Johnson argues the district court clearly erred in assigning criminal history points under the U.S.S.G. § 4A1.1 to three of his prior convictions based on unreliable online docket sheets.  As explained in more detail below, the district court said that even if the court did not assign any criminal history points to these three convictions, Johnson still had a criminal history category VI, resulting in the same advisory guidelines range.  Therefore, after careful review, we affirm Johnson's sentence.

## I.  BACKGROUND

At Johnson's sentencing, the district court calculated a total of 20 criminal history points for Johnson's prior sentences.  Over Johnson's objection, the district court included in that criminal history score: (1) 2 points for 2007 convictions for possession of marijuana and providing a false name to law enforcement that resulted in 13 months and 14 days in custody, in paragraph 67 of the presentencing investigation report ("PSI"); (2) 2 points for a 2010 conviction for driving while his license was suspended/revoked that resulted in 270 days in custody, in

2

paragraph 73 of the PSI; and (3) 2 points for a 2010 conviction for having no valid driver's license that resulted in 60 days in custody, in paragraph 74 of the PSI. In so doing, the district court relied upon copies of electronic docket sheets from the Pinellas County Clerk's website, which the district court deemed reliable.[1]

The district court determined that Johnson's 20 criminal history points placed him in criminal history category VI. The district court further stated that, even if it had ruled in Johnson's favor on each objection to the PSI, Johnson's criminal history category of VI would have remained the same. The district court also denied Johnson's request for a downward departure under U.S.S.G. § 4A1.3(b), rejecting Johnson's argument that criminal history category VI overrepresented the seriousness of his criminal history.

Johnson also requested a downward variance. After finding that Johnson's advisory guidelines range was 120 to 150 months, the district court did grant Johnson's request for a variance and imposed 84-month sentences on Johnson's two § 922(g) firearm offenses and 60-month sentences on his two § 841(a) drug offenses, all of which ran concurrent to each other, followed by a mandatory

---

[1]During the sentencing, Johnson presented copies of the electronic docket sheets to the district court for review, but the copies were not formally proffered or introduced into the record. This Court sua sponte supplemented the appellate record to include these electronic docket sheets.

3

consecutive 60-month sentence on his § 924(c) firearm offense, for a total sentence of 144 months in prison.

On appeal, Johnson renews the criminal-history scoring argument he made in the district court at sentencing.  Specifically, Johnson contends he should not have received any criminal history points for the prior sentences in paragraphs 67, 73, and 74 of the PSI because information about the length of these sentences was based on the electronic docket sheets, which he contends were unreliable.

## II.  STANDARD OF REVIEW

In reviewing a district court's calculations under the Sentencing Guidelines, including the assessment of criminal history points, "we review purely legal questions de novo, and the district court's factual findings for clear error."  United States v. Monzo, 852 F.3d 1343, 1351 (11th Cir. 2017).  To be clearly erroneous, the finding of the district court must leave us "with a definite and firm conviction that a mistake has been committed."  United States v. Rothenberg, 610 F.3d 621, 624 (11th Cir. 2010) (quotation marks omitted).  However, calculations of criminal history points are subject to a harmless error analysis.  See United States v. Alicea, 875 F.3d 606, 609 (11th Cir. 2017).

Harmless errors have "no substantial influence on the outcome and sufficient evidence uninfected by error supports the decision."  Monzo, 852 F.3d at 1351 (quotation marks omitted); see also Fed. R. Crim. P. 52(a).  Under harmless error

review, if we determine "that the district court misapplied the Guidelines, a remand is appropriate unless [we] conclude[ ], on the record as a whole, that . . . the error did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203, 112 S. Ct. 1112, 1120-21 (1992); see also United States v. Scott, 441 F.3d 1322, 1329 (11th Cir. 2006) (stating that "we are not required to vacate the sentence and remand the case if the court would have likely sentenced [the defendant] in the same way without the error").

## III.  GENERAL PRINCIPLES

To determine a defendant's criminal history category under the Sentencing Guidelines, the district court first assigns points for each prior sentence pursuant to U.S.S.G. § 4A1.1.  The number of points assigned to each prior sentence is determined by its length.  Id. § 4A1.1(a)-(c).[2]  The total number of points determines the defendant's criminal history category.  Id. § 4A1.1.  Relevant to Johnson's appeal, a defendant with 10 to 12 criminal history points falls in criminal history category V, and a defendant with 13 or more criminal history

---

[2]A defendant receives 3 criminal history points for a prior sentence greater than one year and one month.  U.S.S.G. § 4A1.1(a).  For each prior sentence of at least 60 days that does not fall under § 4A1.1(a), a defendant receives 2 criminal history points.  Id. § 4A1.1(b).  For a prior sentence not addressed by § 4A1.1(a) or (b), a defendant receives 1 criminal history point, up to a total of 4 points.  Id. § 4A1.1(c).  The Guidelines define a prior sentence as "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." Id. § 4A1.2(a)(1).  Additionally, a sentence of imprisonment is "a sentence of incarceration" which "refers to the maximum sentence imposed." Id. § 4A1.2(b)(1).  The commentary explains that "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence." Id. § 4A1.2 cmt. n.2.

points falls in criminal history category VI.  Id. §§ 4A1.1, 5A (Sentencing Table) & cmt. n.3.

At sentencing, the district court may consider any relevant information, without regard to its admissibility under the Federal Rules of Evidence, "provided that the information has sufficient indicia of reliability to support its probable accuracy."  U.S.S.G. § 6A1.3(a); see also United States v. Ghertler, 605 F.3d 1256, 1269 (11th Cir. 2010).  Concomitantly, the defendant "has a due process right . . . not to be sentenced based on false or unreliable information," and "[t]o prevail on a challenge to a sentence based on the consideration of such information, a defendant must show (1) that the challenged evidence is materially false or unreliable and (2) that it actually served as the basis for the sentence."  Ghertler, 605 F.3d at 1269.

## IV.  DISCUSSION

This Court has not addressed in a published opinion under what circumstances a district court may consider a state court's electronic docket in assigning criminal history points under U.S.S.G. § 4A1.1.  However, we need not address this issue to resolve Johnson's appeal because, even assuming arguendo that there was clear error, the district court's assigning criminal history points to the three objected-to prior sentences was harmless.

As the district court pointed out at sentencing, had the district court assigned 0 criminal history points for each of the three prior sentences in paragraphs 67, 73,

and 74 of the PSI—as Johnson contends it should have—Johnson would have received a total of 14 criminal history points, and his criminal history category VI and resulting advisory guidelines range of 120 to 150 months would have remained the same.  See U.S.S.G. §§ 4A1.1, 5A (Sentencing Table).

Moreover, nothing in the record suggests the district court was inclined to impose a lower sentence.  The district court denied Johnson's request for a downward departure, finding that Johnson's criminal history was not overrepresented and showed his recidivist behavior.  In addition, the district court's downward variance was not based on Johnson's criminal history, but rather on the unusual circumstances of one of Johnson's § 922(g) firearm offenses.  In particular, one of the firearms that Johnson was convicted of possessing was a stolen firearm with a high capacity magazine that he took from an intruder after the intruder shot him in the abdomen.  The district court explained that it had varied downward because Johnson had possessed this particular firearm only after wresting it from an unexpected robber, and the firearm had increased Johnson's offense level under the Sentencing Guidelines "by multiple points."  In short, based on the record as a whole, it is highly improbable that the district court would have imposed a lower sentence if it had assigned Johnson 14 criminal history points rather than 20 criminal history points.  See Williams, 503 U.S. at 203, 112 S. Ct. at 1120-21; Scott, 441 F.3d at 1329.

7

Given that any error by the district court in relying on the online docket sheets to calculate Johnson's criminal history score was harmless, we affirm Johnson's total 144-month sentence.

**AFFIRMED.**