**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13638
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ALVIN LEE MCCARY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:21-cr-00489-MHT-JTA-1
_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Alvin McCary appeals his conviction and 300-month sentence for possession of a firearm as a convicted felon. McCary argues that the district court erred in three ways. First, he argues that

the district court erred by sentencing him as an armed career criminal. Second, he contests the district court's denial of his motion for a judgment of acquittal. And third, he contends that his conviction was unconstitutional in light of recent Supreme Court precedent. After careful review, we reject each of McCary's challenges and affirm his conviction and sentence.

**I.**

In July 2020, Chilton County Sheriff's Office personnel responded to a call, where they found Keith Baker suffering from multiple gunshot wounds. Baker survived the incident and informed the police that Alvin McCary was the shooter. The police quickly located and arrested McCary, and upon further investigation, they discovered a 12-gauge shotgun, loaded with a similar shell to the ones recovered at the scene of the shooting, ditched in a well on McCary's property.

The government charged McCary with one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). At trial, an ATF expert confirmed that the firearm recovered from McCary's well was manufactured in Brazil. A probation officer testified that McCary had prior felony convictions related to a 2002 bank robbery, a 1999 aggravated battery with a firearm, and a 1994 aggravated battery with a deadly weapon. And a fingerprint analyst confirmed that McCary's fingerprints matched those of the person who was convicted of each of those prior felonies.

24-13638                Opinion of the Court                3

Once the government rested its case, McCary moved for a judgment of acquittal, which the district court denied. Following the presentation of his defense, McCary renewed his motion for a judgment of acquittal, which the district court again denied. The jury convicted McCary of violating 18 U.S.C. § 922(g)(1). The jury further found that McCary had been convicted of the three prior felonies and that each of those felonies occurred on different occasions.

Prior to sentencing, McCary objected to the consideration of his 1999 aggravated battery conviction for the purpose of a sentencing enhancement under the Armed Career Criminal Act. The relevant Florida statute for aggravated battery, Fla. Stat. § 784.045, reads as follows:

> (1)(a) A person commits aggravated battery who, in committing battery:
>
> 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
>
> 2. Uses a deadly weapon.
>
> (b) A person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant.

A violation of subsection (1)(a) is a categorical violent felony, *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1341 (11th

Cir. 2013), but a violation of subsection (1)(b) is not. *United States v. Braun*, 801 F.3d 1301, 1304 (11th Cir. 2015).

The record in McCary's 1999 aggravated battery conviction did have a wrinkle. The charging document charged McCary with violating subsection (1)(a), but the judgment form that was completed following a jury trial stated that McCary was adjudicated guilty of violating subsection (1)(b). Recognizing this inconsistency, the district court determined, by a preponderance of the evidence, that McCary had, in fact, been adjudicated guilty of aggravated battery with a firearm, in violation of subsection (1)(a), rather than subsection (1)(b). The district court supported its determination by reference to the record, which indicated that the judgment form adjudicating McCary guilty of violating subsection (1)(b) had been superseded by a later proceeding, which set aside that judgment, and sentenced McCary to 42 months based on a nolo contendere plea to violating subsection (1)(a).

The district court concluded that McCary qualified for an ACCA sentencing enhancement because he had three qualifying felony convictions—the 2002 bank robbery, the 1999 aggravated battery with a firearm, and the 1994 aggravated battery with a deadly weapon. With a guidelines range of 262 to 327 months, the district court sentenced McCary to 300 months.

McCary timely appealed.

## II.

McCary raises three issues on appeal. First, he contends that his 1999 aggravated battery conviction did not qualify as a violent

felony for purposes of an ACCA sentencing enhancement. Second, he argues that there was insufficient evidence to support his conviction. And third, he challenges the constitutionality of 18 U.S.C. § 922(g)(1) in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). For the following reasons, we are unpersuaded by McCary's arguments and affirm his conviction and sentence.

### A.

First, McCary challenges the district court's determination that his 1999 aggravated battery conviction qualified as a violent felony for purposes of the ACCA. We review a district court's factual finding that a defendant was convicted of a particular offense for clear error. *United States v. Alicea*, 875 F.3d 606, 608 (11th Cir. 2017). We will find clear error only when, "although there is evidence to support" the conclusion, we are "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Here, we cannot say that the district court clearly erred in finding that McCary's 1999 aggravated battery conviction arose under Fla. Stat. § 784.045(1)(a) rather than § 784.045(1)(b). The district court considered the record of McCary 1999's conviction and determined that the documents indicated that he pleaded nolo contendere to one count of aggravated battery with a deadly weapon, which exactly mirrors the statutory language in Fla. Stat. § 784.045(1)(a)(2). And because a conviction under subsection (1)(a) is a categorical violent felony, *Turner*, 709 F.3d at 1341, we

cannot say that we are "left with the definite and firm conviction that" the district court made a mistake in determining that McCary's 1999 aggravated battery conviction qualified as a violent felony under the ACCA. *U.S. Gypsum Co.*, 333 U.S. at 395. Accordingly, the district court's sentencing enhancement is affirmed.

*B.*

Next, McCary complains that the district court erred by denying his motion for a judgment of acquittal because, he claims, there was insufficient evidence to support his conviction. We review a sufficiency of the evidence challenge *de novo*, "viewing the evidence in the light most favorable to the government, and drawing all reasonable factual inferences in favor of the jury's verdict." *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009) (citing *United States v. Williams*, 144 F.3d 1397, 1401 (11th Cir.1998)).

Section 922(g)(1) makes it a crime for any person convicted of a crime punishable by imprisonment for a term exceeding one year to possess firearms or ammunition. 18 U.S.C. § 922(g)(1). To justify a conviction under § 922(g)(1), we have stated that the government must show that the defendant was a convicted felon, that he was aware of his status as a convicted felon, that he knowingly possessed a firearm, and that the firearm was in or affected interstate commerce. *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014); *United States v. Johnson*, 981 F.3d 1171, 1189 (11th Cir. 2020). "To prove knowing possession, the government 'need only

24-13638              Opinion of the Court              7

show constructive possession through direct or circumstantial evidence.'" *Id.* (quoting *United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006)).

Here, viewing the evidence in the light most favorable to the government and drawing all reasonable factual inferences in favor of the jury's verdict, *Jiminez*, 564 F.3d at 1284, the evidence is more than sufficient to sustain McCary's conviction under section 922(g)(1). First, the government provided evidence that McCary was a convicted felon; the government's fingerprint analyst confirmed that McCary's fingerprints matched those of the person who was convicted of the 2002 bank robbery, the 1999 aggravated battery, and the 1994 aggravated battery. Second, sufficient evidence demonstrated that McCary knew he was a felon at the time he possessed the shotgun; at trial, McCary testified that he was "a convicted felon." Third, the government presented testimony that McCary knowingly possessed the firearm; Jessica Baker, the victim's wife, testified that she witnessed McCary fire the shotgun at her husband. And fourth, the government demonstrated that the firearm travelled in interstate commerce; the ATF expert stated that McCary's firearm was manufactured in Brazil. Accordingly, we cannot say that the district court erred in denying McCary's motion for a judgment of acquittal because the evidence presented at trial, viewed in the light most favorable to the government, satisfied all elements of section 922(g)(1).

### C.

Lastly, McCary challenges the constitutionality of section 922(g)(1). We generally review the constitutionality of a statute *de novo*. *United States v. Ostrander*, 114 F.4th 1348, 1359 (11th Cir. 2024). "But where, as here, a party raises a constitutional challenge for the first time on appeal, our review is limited to plain error." *United States v. Hughes*, 840 F.3d 1368, 1385 (11th Cir. 2016) (citing *United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005)).

McCary's challenge stems from the Supreme Court's decision in *N.Y. State Rifle & Pistol Assoc., Inc. v. Bruen*, which, he contends, renders section 922(g)(1) unconstitutional. 597 U.S. at 1. But we recently considered—and rejected—a constitutional challenge to section 922(g)(1) in light of *Bruen*. *United States v. Dubois*, 139 F.4th 887, 894 (11th Cir. 2025), *cert. denied*, No. 25-6281, 2026 WL 135685 (U.S. Jan. 20, 2026). Accordingly, in a straightforward application of our prior precedent rule, *United States v. Hanna*, 153 F.3d 1286, 1288 (11th Cir. 1998), we decline to reconsider our previous decision in *Dubois* here. McCary's constitutional challenge to section 922(g)(1) fails.

### III.

The district court is **AFFIRMED.**